**William Nay WOOD, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 125–68.**

United States Court of Appeals, Tenth Circuit.

Jan. 28, 1971.

Duane F. Wurzer, Denver, Colo., for appellant.

Edward G. Collister, Jr., Asst. Atty. Gen., Topeka, Kan. (Kent Frizzell, Atty. Gen., Topeka, Kan., on the brief) for appellee.

Before TUTTLE,* HILL and HOLLOWAY, Circuit Judges.

PER CURIAM.

In this case appeal was taken from a denial of Federal habeas corpus relief sought on the ground of the use of evidence obtained by an allegedly unconstitutional search of a car. We agreed with appellant that the Kansas convictions involved must be held invalid un-

* Of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

der Fourth Amendment principles and reversed. 417 F.2d 394. The Supreme Court vacated our judgment and remanded the case for further consideration in the light of its opinion in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, decided after our opinion on this issue. Crouse, Warden v. Wood, 399 U.S. 520, 90 S.Ct. 2234, 26 L.Ed.2d 778. We have now considered additional briefs submitted and have re-examined the record. We conclude that under the *Chambers* opinion the judgment of the District Court should be affirmed.

The sole issue raised in this habeas corpus proceeding was the Fourth Amendment claim. The relevant facts were not in material dispute and were stated in detail in the opinions of the Supreme Court of Kansas which sustained the convictions, State v. Wood, 190 Kan. 778, 378 P.2d 536; State v. Wood, 197 Kan. 241, 416 P.2d 729, and in our earlier opinion focusing on the search and seizure issue. We will summarize here only the controlling facts bearing on the existence of probable cause for search of the car.

A Sheriff stopped the car in which appellant and another man were traveling near Lyons, Kansas. He told appellant that this was in connection with some checks reported to have been stolen in Great Bend. The Sheriff had learned that an occupant of a car of a similar description had attempted to cash a check reportedly taken in the Great Bend burglary.[1] Another officer appeared shortly and searched appellant, finding in his shirt pocket a check of the Great Bend company that had been burglarized. The officers arrested the two men and took them to the county jail, leaving the car parked by the highway. The Sheriff testified that the arrests were for investigation.

The car was noticed on the highway by Kansas highway patrol officers who called in and were told the Sheriff would send the keys out and they were asked to bring the car to the county jail. One patrolman drove the car in as instructed and was then asked by the Sheriff to search the car at the jail. Before searching it he had learned of a report of the taking of some checks and of an attempt to pass such checks. He was not present when the arrests were made and did not know about the check that had been found on appellant's person. The search of the car involved looking under floormats, and into the trunk and similar searching. In the search without a warrant the patrolman found some 93 additional checks which were admitted in evidence and are the basis of the constitutional claim. The arrests and the search of the car occurred sometime after 6:30 p. m. on December 30, 1961, the search following the arrests by about twenty minutes. The patrolman said he supposed a warrant could have been obtained within an hour.

▆▆ The procedure of an immediate search of the car without a warrant is permitted under such circumstances by the *Chambers* opinion, if probable cause for the search existed. In determining whether probable cause existed we must evaluate the collective information of all the officers. Smith v. United States, 123 U.S.App.D.C. 202, 358 F.2d 833, 835, cert. denied, 386 U.S. 1008, 87 S.Ct. 1350, 18 L.Ed.2d 448. We are satisfied that the undisputed facts before us establish that there was probable cause for the search for other checks. And we cannot agree with appellant's contentions that *Chambers* does not apply, including his arguments that there was an abandonment of the car and no immediate search, and that the reasons for a warrantless search disappeared be-

---

[1] The Sheriff had a message to be on the lookout for a 1953 or 1954 two-toned colored Pontiac with the left taillight missing. An occupant of the car was said to have tried to pass a check re-

portedly taken from a Dr. Pepper Bottling Company establishment in Great Bend. The car stopped was a two-toned colored 1954 Pontiac whose left taillight was out.

fore the search was made. The sequence of all the events and the conduct of the officers bring the case within *Chambers* and the justification for the search still obtained when it was made.[2] Therefore, the constitutional claim under the Fourth Amendment was properly rejected by the District Court.

Affirmed.

---

2. Moreover, as in the *Chambers* case, the facts justified the search of the car at the jail, instead of searching it at nighttime at the edge of town. In connection with the search of appellant and the matter of probable cause, we are aware that the other occupant of the car said he told the officers that if the check was in appellant's pocket, it would have gone in when he (Wyatt) put some cigarettes and matches there.