No. 25105.

THE PEOPLE OF THE STATE OF COLORADO *v.*
PETER JOHN WARE, JR.
(484 P.2d 103)

Decided May 3, 1971.

420

DAVID L. WOOD, District Attorney, L. DUANE WOODARD, Deputy, for plaintiff-appellee.

JOHN O. WALKER, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS is an interlocutory appeal from an adverse ruling by the district court of Larimer County on Ware's motion to suppress evidence. Ware was charged with the felony

offense of unlawful possession of a narcotic drug, cannabis sativa L.

The charge arose out of the following events which took place at the Fort Collins Police Department on August 16, 1970. Ware had voluntarily gone to the police department to assist a friend who had been arrested for the alleged theft of a bicycle. According to Ware the bicycle belonged to him and he had given his friend permission to use it. While explaining this situation to the police, he was requested to give a written statement concerning his ownership. He was directed to sit at a desk where he commenced writing the statement.

Police Officer Bates, the detective in charge of narcotics investigation, upon seeing Ware in the station, checked his intelligence reports concerning Ware. He testified that from information given him by Deputy Sheriff Tom Schaefer he learned that Ware's name had in some manner been related to narcotics activities. Ware's connection and the nature of these activities were not explained. Deputy Schaefer's information was not based on personal knowledge but rather was obtained from an informant. The identity and reliability of the informant were not communicated to or known by Bates. Deputy Schaefer did not testify and there is nothing in the record to show the reliability of the informant.

Bates further testified he had no personal dealings with Ware prior to this occasion and he likewise had no personal knowledge of Ware's alleged involvement with narcotics. He further indicated he had been advised that there was an outstanding warrant for the arrest of Ware. Bates testified:

"* * * But I don't recall what the warrant was for in relation to the arrest. It seems to me it was a traffic violation, if I am not mistaken. The description of the vehicle given to me by the sheriff's office did ring a bell." It was an old, blue Buick 4-door sedan. The intelligence indicated that the Buick had been seen at places fre-

quented by narcotic users. The times and places at which the Buick had been seen were not identified.

Armed with the foregoing background information concerning Ware, Officer Bates sat down at the desk opposite Ware and engaged him in conversation, while Ware wrote his report. As Ware bent over the desk to continue writing the report, Bates observed a small aluminum foil-wrapped package in Ware's shirt pocket. Suspecting the package might contain narcotics, without first saying anything to Ware, Officer Bates reached in Ware's shirt pocket and removed the package, announcing to Ware he was under arrest. He then opened the package, smelled it and determined it contained hashish.

Officer Bates testified to his expertise in the field of narcotics investigation and observed that he had seen hundreds of packages of foil-wrapped hashish. He admitted, however, that from the observation of the package he could not tell what was in it and that it could have been anything.

The trial court found that Officer Bates had probable cause to search and arrest Ware, and the motion to suppress was therefore denied. We disagree with the trial court's ruling and therefore reverse.

▬▬▬ The burden was upon the People at the suppression hearing to establish that probable cause existed which would justify the warrantless search of Ware's person. In our view the record falls far short of establishing probable cause. The evidence of the facts and circumstances upon which Officer Bates acted, as shown by the record, do not meet the tests many times pronounced by this Court which would justify a conclusion that probable cause existed here. *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236; *People v. Nanes,* 174 Colo. 294, 483 P.2d 958. *See also Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917. The underlying facts and circumstances were not in any satisfactory degree shown to be trustworthy. No effort whatsoever was made to show the reliability of the informant. The manner or

character of Ware's alleged participation in the undescribed narcotics transactions was not detailed in any particular whatsoever. That Ware's automobile was placed at unspecified times and places which were reputedly frequented by narcotic users does not add to the overall trustworthiness of such facts and circumstances so as to elevate them from the level of rumor and suspicion to that of credibleness. *Falgout v. People,* 170 Colo. 32, 459 P.2d 572.

Furthermore, justification here may not be placed on the so-called "fellow officer" rule under the present circumstances, as the right of one officer to rely on information relayed to him by a fellow officer is predicated upon the latter's assumed possession of trustworthy information of facts and circumstances which would themselves support a conclusion of probable cause. *Whiteley v. Warden, Wyoming State Penitentiary,* 39 U.S.L.W. 4339 (U.S. March 29, 1971), 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306; *People v. Nanes, supra; People v. Leahy,* 173 Colo. 339, 484 P.2d 778. Here, no such showing was made.

Lastly, the "plain view" doctrine, as set forth in *Alire v. People,* 157 Colo. 103, 402 P.2d 610, is not here applicable, as the hashish was not in plain view. The officer admitted he did not know what was contained in the aluminum foil package and that it could have contained most anything. In *Remers v. Superior Court of Alameda County,* 87 Cal. Rptr. 202, 470 P.2d 11, an analogous situation was presented. The officer there, fortified with knowledge of defendant's previous arrest for narcotics violations, reached into defendant's purse and seized a tinfoil-wrapped package, relying upon his special knowledge and experience as an officer that dangerous drugs are often packaged in tinfoil. The court found the search and subsequent arrest to be unlawful, noting:

"* * * The People rely on the Officers' knowledge that dangerous drugs are often packaged in tinfoil. However,

even if dangerous drugs are often packaged in tinfoil, so many other, legitimate items — such as foods or tobacco — are packaged in tinfoil that a tinfoil package is not a suspicious circumstance, and a man of reasonable caution who possesses knowledge that dangerous drugs are often packaged in tinfoil would not be justified in assuming, upon seeing a tinfoil package, that it is likely to contain drugs. * * *"

The motion to suppress should have been granted. The ruling is reversed and the cause remanded to the trial court with directions to grant the motion to suppress.