**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Curtis Lee SHEPPARD and Robert James
Williams, Defendants-Appellants.**

**Nos. 72–1052, 72–1053.**

United States Court of Appeals,
Tenth Circuit.

March 21, 1972.

John T. Spradling, Oklahoma City, Okl., submitted brief for defendants-appellants.

William R. Burkett, U. S. Atty., and Jeff R. Laird, First Asst. U. S. Atty., submitted brief for plaintiff-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

In the above case the defendants through their lawyers have waived oral arguments and have consented to submitting the case for a decision on the briefs.

The defendants were convicted in the United States District Court for the Western District of Oklahoma of possession of counterfeit twenty dollar bills with intent to defraud, contrary to 18 U.S.C. § 472. The sufficiency of the evidence at trial is not questioned and the defendants do not contend that the trial court was guilty of any error at the trial itself other than acceptance of evidence which they claim was illegally obtained. Their sole contention here is that the counterfeit twenty dollar bills should have been suppressed before trial, and the record here is limited to the transcript of testimony at the suppression hearing. We are of the opinion that there existed probable cause for the arrest of each of the defendants, that the search incident to the arrest was also valid and that the evidence so obtained was admissible.

The significant incident occurred on August 7, 1971, at 6:15 p. m. at Cushing, Oklahoma. A counterfeit twenty dollar bill was given to one Velma Wilson for the purpose of paying for a half-pint of gin which was sold by her. She did not have change for the bill and

took it first to one Raymond Pettis, who thought it looked funny. She then took it to one Knox who passed it at a local service station and obtained twenty $1.00 bills in exchange for it. He brought the money back and gave the purchaser of the gin $17.00 in change.[1] Thereafter, the operator of the filling station turned the bill over to local authorities who notified federal authorities. Three federal agents arrived at about 8:00 p. m. They determined that the $20.00 bill was counterfeit.

A search was commenced for Knox and in carrying that out the officers were referred to Velma Wilson who had been well acquainted with Knox. At first she was unable to furnish any information, but at about 2:00 a. m., following receipt of a call from the local police, the agents returned to the police station to find Velma Wilson and Raymond Pettis. They informed the agents that the man who had purchased the gin with the $20.00 bill was in the vicinity. None of the agents had had previous dealings with either Wilson or Pettis, but were assured by the police that Pettis was reliable and honest and could be believed.

Wilson and Pettis related to the agents the facts concerning the sale of the illicit gin and further told them that they had later seen the man who had passed the $20.00 bill in a barbecue restaurant. They also informed the agents that they had learned subsequently that the police activity in Cushing that evening was related to the passing of the $20.00 bill. Velma Wilson had pointed out the individual who had passed the bill to Pettis, who recognized him as one of three men recently arrived in town driving two automobiles with Kansas license plates. This correlated with information the agents had that a counterfeiting operation was being carried out in Kansas. Wilson and Pettis had taken down the license numbers of the two

cars, and gave them to the agents. Two of the three men involved were Sheppard and Williams.

Next, one of the agents took Pettis to the place on the street where the defendants were so as to obtain identification. Pettis identified them and the agent returned to the police station following which he, together with his colleagues, the other agents, returned to the scene for the purpose of making the arrest. The defendant Williams had disappeared and the officers were told that he had obtained a ride from "three white boys in a pickup truck." The other two were taken into custody immediately. While one of the agents questioned Sheppard in Sheppard's car, the latter pulled out a stack of counterfeit twenty dollar bills from under the front seat and told the agent that this was the stuff that he was after. These very bills were introduced at the trial as to Sheppard.

The other defendant Williams was apprehended a short time later in the described pickup truck. The officers had overtaken the truck and had searched it, finding eleven counterfeit twenty dollar bills on the front seat under some rags.

The trial court ruled that there was probable cause for both arrests and that the searches were incident to the arrests, whereby the evidence obtained in the so-called searches was valid and admissible. We are of the opinion that there was substantial evidence justifying a reasonable belief that the defendants were the parties responsible for the passing of the $20.00 note and that the search was thus warranted.

In Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), the Supreme Court delineated the standard for determining the existence of probable cause, saying:

> Whether that arrest was constitutionally valid depends * * * upon whether, at the moment the arrest

---

1. The exact nature of Velma Wilson's activities at the premises in question are not disclosed in the testimony except that there is evidence that at least on one occasion (the instant one) she sold gin without a license. She was not shown to have engaged in counterfeiting.

was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense. 379 U.S. at 91, 85 S.Ct. at 225.

The agents here knew at the time of the arrest that there was counterfeiting activity involving men driving Kansas vehicles. They were specifically aware that a bill had been passed by one of the group. At least one of the persons who identified the participants and furnished information had been described by local authorities as being reliable. The agents cautiously obtained a positive identification before attempting the arrest of Sheppard. Following this arrest and the obtaining of a number of counterfeit $20.00 bills, and following the apparent flight of Williams, they were unquestionably justified in arresting the latter. One other factor is that all of this occurred between 2:00 and 3:00 in the morning and the suspects were driving automobiles, and so there was necessity for immediate arrest.

The defendants seek to bring their case within the rule enunciated by the Supreme Court in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L. Ed.2d 441 (1963). But in *Wong Sun* the Supreme Court held that the information on which the officers had acted in making the arrest which led to the obtaining of a confession was insubstantial and did not justify the arrest and further held that the verbal evidence, the extra-judicial statement obtained incident to the arrest, was itself illegal and inadmissible. The case at bar is not comparable for here the officers had substantial information and were aware of circumstances which clearly linked the defendants with the passing of counterfeit currency. Furthermore, illegality did not attend the obtaining of information from Pettis and Wilson.

We conclude that the trial court was correct in its ruling that the motion to suppress should be denied. In determining whether probable cause exists, it is necessary to evaluate the total circumstances and the collective information of all of the officers. See Wood v. Crouse, 436 F.2d 1077 (10th Cir. 1971).

It follows that the judgment should be and the same is affirmed.