BESSIE L. SALTER *v.* STATE OF INDIANA.

[No. 2-874A197. Filed January 20, 1975.]

*Larry R. Champion,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant, Salter, was convicted of possession of heroin. We reverse because the trial court erred in overruling her motion to suppress evidence.

The facts are as follows:

On August 15th and 16th, 1973, Indianapolis Police Officer Richard Davidson received information from a reliable in-

formant concerning possession of narcotics. On August 15th, Officer Davidson learned that four unnamed individuals at the Mayfair Motel in Indianapolis were in possession of narcotics. At approximately 3 P.M. on August 16th, Officer Davidson was informed that the four subjects were in the Blue Angel Tavern. Shortly after the subjects left the tavern, Officer Davidson caused the vehicle in which they were riding to be stopped by another officer. Officer Davidson had also been informed of the color and make of the auto in which the subjects were traveling. Three persons were in the vehicle. The fourth had alighted from the auto and was apprehended walking nearby. No narcotics were found, either in the auto or on the subjects. At this point, Officer Davidson felt that he had detained the four people who were the subjects of the informants' tip.

Salter was not one of the subjects detained. Officer Davidson had never heard Salter's name before the auto was stopped. Subsequent to the detention and search of the auto, Officer Davidson discovered that it was registered in Salter's name. At approximately 3:30 P.M. on August 16th, Officer Davidson was informed that Salter was in possession of narcotics.

At 5:00 P.M. the same day, Officer Charles Ezell arrived at the Mayfair Motel. Ezell confronted Salter outside the motel office, identified himself as a police officer, and placed her under arrest. He then searched appellant's purse and found 48 packets of heroin. Officer Davidson arrived at the Mayfair Motel subsequent to appellant's arrest by Ezell. The officers searched appellant's room and discovered narcotics paraphernalia.

Salter was charged the following day with possession of heroin. After a trial to the court, she was found guilty and sentenced to a determinate period in the state women's prison. During the trial, Salter made a motion to suppress the heroin maintaining that she was unlawfully arrested and searched without a warrant and without probable cause. The motion was overruled.

On appeal she raises as error the overruling of that motion.

It is conceded that the search of Salter's purse took place without a search warrant. Thus, the burden rested upon the State to show that the search fell within one of the recognized exceptions to the general rule requiring a warrant.

The state argues that the search was incident to a lawful arrest. Before this exception may be applied to validate a warrantless search, it must be determined that the initial arrest was lawful.

The proper test for a warrantless arrest has been set forth as follows:

"The test for probable cause to make an arrest is whether at the time of the arrest the facts and circumstances within the knowledge of the officers and of which they had reasonable trustworthy information were sufficient to warrant a prudent man of reasonable caution in believing that the arrestee had committed or was committing an offense. *Williams* v. *State* (1969), [253] Ind. [316], 253 N.E.2d 242; *Peterson* v. *State* (1968), 250 Ind. 269, 234 N.E.2d 488; *Beck* v. *Ohio* (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142" *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133 at 136.

In the present case, evidence was presented which tended to show that Officer Davidson possessed the knowledge sufficient to meet the above test. However, it was Officer Ezell who in fact made the arrest. No evidence is in the record from which it could be determined that Ezell personally had the knowledge sufficient to establish probable cause.

In this regard, this court has rejected the claim that the arresting officer must have personal knowledge sufficient to establish probable cause.

"In our opinion, the existence of probable cause for an arrest should be determined on the basis of the collective information known to the law enforcement organization as a whole, and not solely on the personal knowledge of the arresting officer. The police force is considered as a unit *an* [*sic*] *where there is a police-channel communication to the arresting officer and he acts in good faith thereon, the arrest is based on probable cause when such knowledge and information exist within the de-*

*partment. Wisconsin* v. *Mabra* (1974), 61 Wis.2d 613, 213 N.W.2d 545; *Whiteley* v. *Warden* (1971), 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306; *Manson* v. *State* (1967), 249 Ind. 53, 229 N.E.2d 801." (Emphasis added) *Francis* v. *State* (1974), 161 Ind. App. 371, 316 N.E.2d 416.

However, in this case there is no evidence in the record tending to show a police channel communication or any communication between Officers Davidson and Ezell. There is no evidence that Ezell had the benefit of Davidson's information.

Since Ezell did not have probable cause to make the arrest, the arrest and subsequent search were illegal. The trial court erred in denying Salter's motion to suppress.

Judgment reversed and remanded for any further action not inconsistent with this opinion.

Lowdermilk and Lybrook, JJ., concur.