**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Guadalupe Salazar NIETO,
Defendant-Appellant.**

**No. 74–2060.**

United States Court of Appeals,
Fifth Circuit.

April 4, 1975.

Gustavo L. Acevedo, Laredo, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Daniel V. Alfaro, James R. Gough, Asst. U. S. Attys., Anna E. Stool, Staff Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and MURRAH * and WISDOM, Circuit Judges.

PER CURIAM:

Appellant Nieto was driving a car registered to the passenger Trevino, when the car was stopped and searched without warrant by federal drug agents acting on an informer's tip. The search produced a concealed package of cocaine, and upon denial of a motion to suppress, the cocaine was introduced as evidence in the jury trial which resulted in Nieto's conviction for possession of cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). Nieto appeals on two grounds: (1) the illegality of the search; and (2) the insufficiency of the evidence. We affirm.

We start with the proposition that all warrantless searches are suspect. Absent a warrant issued by a judicial officer upon a showing of probable cause, the search is "per se unreasonable, unless the police can show that it falls within one of a carefully defined set of exceptions based on the presence of 'exigent circumstances.'" Coolidge v. New Hampshire, 403 U.S. 443, 474–475, 91 S.Ct. 2022, 2042, 29 L.Ed.2d 564 (1971). See also Chimel v. California, 395 U.S. 752, 762, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Katz v. United States, 389 U.S. 347, 356–358, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). Two of the narrowly defined exceptions are for a border search, Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973), and for the search of a moving automobile, Chambers v. Maroney, 399 U.S. 42, 49, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Williams v. United States, 404 F.2d 493 (5th Cir. 1968).

Nieto argues that the Almeida-Sanchez exception for border searches does not apply here, because the search was conducted outside the circumscribed zone of a border or its functional equivalent. This may be true, but the government does not rely upon the border-search exception. Instead, it invokes the Carroll exception, which itself was carefully reaffirmed in Almeida-Sanchez:

"It is settled, of course, that a stop and search of a moving automobile can be made without a warrant . . . Carroll v. United States, 267 U.S. 132 [45 S.Ct. 280, 69 L.Ed. 543]. . . . The Court [in Carroll] recognized that a moving automobile on the open road presents a situation 'where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.' Id., at 153 [45 S.Ct., at 285]. . . . but the Carroll doctrine does not declare a field day for the police in searching automobiles. Automobile or no automobile, there must be probable cause for the search." 413 U.S. at 269, 93 S.Ct. at 2537.

Accordingly, this warrantless search is legal only if the seizing officer had probable cause and the car's mobility created an exigent circumstance.

Probable cause to search exists when the facts and circumstances warrant a reasonably prudent man to be-

---

* Senior Circuit Judge of the Tenth Circuit sitting by designation.

lieve that the vehicle contains contraband. Williams v. United States, supra, 404 F.2d at 494. Information from a reliable informant that is corroborated by other matters within the participating officer's knowledge can constitute sufficient probable cause to justify an arrest or search. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); United States v. Summerville, 477 F.2d 393 (5th Cir. 1973). And this court has also held that "probable cause . . . can rest upon the collective knowledge of the police, rather than solely on that of the officer who actually makes the arrest," when there is "some degree of communication between the two." Moreno-Vallejo v. United States, 414 F.2d 901, 904 (5th Cir. 1969), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 76 (1970).

■ The relevant facts begin with a telephone call from the informant, not identified by name on this record, to drug agent Gerber. Gerber testified that shortly after noon the informant telephoned him that two Latin men, one nicknamed "Coco," were in possession of cocaine and were traveling east on Highway 83 in a 1971 green Mercury, Texas license KCB–165, having departed Laredo, Texas (on the Mexican border), twenty minutes earlier for Zapata, Texas; that the informant had given him reliable information on numerous previous occasions; that he immediately telephoned agent Villarreal with this information; and that when, half an hour later, a second call came from the informant that the other man in the car was nicknamed "Lupe," Gerber telephoned Villarreal's office again.

Agent Bowen, who ultimately discovered the cocaine in the car, testified that, within ten minutes of Gerber's call, Villarreal relayed to him the description of the car, its occupants, and location; that he, with another agent, proceeded to the location to trail a car corresponding to the description; that, after rendezvous with Villarreal, the car was stopped not far from Zapata; that the car was driven by Nieto, nicknamed "Lupe," with one passenger Trevino, nicknamed "Coco," to whom the vehicle was registered; that he searched the car without warrant, finding under the dashboard a five-inch cylindrical package wrapped in newspaper containing about 271 grams of cocaine; that pursuant to the immediately subsequent, warrantless arrest of Nieto and Trevino, he searched Nieto and found $800 in cash; and that he himself had known nothing about the reliability of the informer.

In sum, the tip passed from the informant, whom Gerber knew to be reliable, to Gerber to Villarreal to Bowen, who searched the car. The tip was corroborated when the location, appearance, and occupants of the car were found to correspond exactly to it. The collective knowledge of this closely coordinated team of drug agents can be attributed to the seizing officer on the scene, Bowen. The automobile was said to be in motion when the tip was received and was in motion when stopped by the agents. Obtaining a warrant would have been impractical. Cf., Wood v. Crouse, 417 F.2d 394 (10th Cir. 1969). We agree with the trial court that there existed probable cause and exigent circumstances sufficient to legitimize this warrantless search.

■ Disputing the government's evidence, Nieto testified that he had been unemployed, at the time of the search, for about six months; that the $800 was personal savings for a truck; that he had accompanied Trevino on this trip only for the purpose of shopping for a truck; that he had first ridden as a passenger, then later as driver, only because he had a driver's license and Trevino did not; and that he had no knowledge of, or connection with, the cocaine.

Nieto argues that all the evidence does not show that he had the required control over the drug, citing cases where this and other courts found the facts inadequate to establish constructive possession. Montoya v. United States, 402 F.2d 847 (5th Cir. 1968); United States v. Pratt, 429 F.2d 690 (3rd Cir. 1970); Arellanes v. United States, 302 F.2d 603

(9th Cir. 1962); United States v. Sutton, 312 F.Supp. 969 (D.Ariz.1970). In all those cases, however, the defendant was no more than a passenger in a car containing contraband. In our case, Nieto was driving the car containing the highly saleable cocaine and was carrying an unusual amount of cash in view of his unemployment. Under similar facts, this court has recently upheld a finding of constructive possession. United States v. Maspero, 496 F.2d 1354, 1358–1359 (5th Cir. 1974). We reach the same result here.

Affirmed.