## No. 26829

**The People of the State of Colorado v. Dwight David Jackson and Virginia Mary Jackson**

(543 P.2d 705)

Decided September 15, 1975.

Robert L. Russel, District Attorney, David H. Zook, Deputy, for plaintiff-appellant.

Walta, Cannon, Gaddis & Kin, Joe A. Cannon, for defendants-appellees.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

The district attorney brings this interlocutory appeal from a ruling of the trial court which granted defendants' motion to suppress evidence secured upon the execution of a search warrant. C.A.R. 4.1(a). We hold that the affidavit upon which the warrant was based was defective and affirm the trial court's order.

The affidavit contains the following information: (1) two named undercover agents arranged to purchase marijuana from a suspected dealer at the latter's residence; (2) these agents informed surveillance officers by radio that the dealer would go to a nearby residence and obtain a pound of marijuana for the agents; (3) soon thereafter the dealer traveled by vehicle to the downstairs apartment of a nearby residence with a stated address (that of the defendants); (4) the dealer returned to his own residence about twenty minutes later; (5) upon leaving the vehicle at the time of his return, the dealer was observed by surveillance officers to be carrying a brown paper sack; and (6) very shortly thereafter he was arrested with a

brown paper sack containing two pounds of suspected marijuana.

On the basis of these recitals, the affiant obtained a search warrant for the residence referred to in (3) above and there found marijuana. The defendants were jointly charged with two counts of possession of a narcotic drug, a felony.

■ We agree with the trial court's determination that the affidavit upon which the search warrant was based was defective. The affiant, a law enforcement officer, fails to relate how or from whom he acquired knowledge of the events described in the affidavit. He is not one of the named agents. He does not state that he was informed of these events by the agents. The affidavit is silent on whether he was one of the surveillance officers. It is also silent as to whether the affiant personally observed the events or whether he was informed of them by the surveillance officers or other persons.

■ The sufficiency of an affidavit in support of a search warrant is to be determined by the standards set forth in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct.584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *People v. McGill*, 187 Colo. 65, 528 P.2d 386 (1974); *People v. Brethauer*, 174 Colo. 29, 482 P.2d 369 (1971). First, an issuing magistrate must be adequately apprised of the underlying facts and circumstances to determine independently that there is probable cause for the issuance of the search warrant. Secondly, the affidavit must adequately support the affiant's assertion that the informant was credible or his information reliable.

■ The affidavit in the present case does not meet the second of these requirements: no source is offered for the information set forth. Without a source, there is no basis upon which a determination can be made regarding either credibility or reliability. The omission is fatal.

We reject the district attorney's contention that the "fellow officer rule" enunciated in *People v. Leahy*, 173 Colo. 339, 484 P.2d 778 (1970), is responsive to the problem before us. In *Leahy* we held that when an officer-affiant relies on information from a fellow officer, the latter's reliability need not be established. In that case, however, the affiant stated specifically that he had obtained his information *from a report made to him by another officer*. In the present case the affiant omits any reference at all to the source of his information.

■ It is of no consequence that the affiant was aware of the source and reliability of his information but inadvertently failed to disclose it. In determining the sufficiency of an affidavit, the issuing magistrate is confined to the four corners of the document. *People v. Brethauer, supra*, and cases cited therein.

■ While standards of reasonableness and commonsense are to be used in assessing the sufficiency of affidavits in support of search warrants (*United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *People v. Schamber*, 182 Colo. 355, 513 P.2d 205 (1973)); the failure to disclose the source of information reported in the affidavit is by

no means a mere hypertechnical flaw which can be overlooked.
Ruling affirmed.