## No. 26413

### The People of the State of Colorado v. William John Mathis
(542 P.2d 1296)

Decided December 1, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, James W. Wilson, Assistant, for plaintiff-appellee.

Richard Ranson, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Mathis was convicted of possessing more than one-half ounce of marijuana, a felony. [1] He appeals the trial court's denial of his motion to suppress the evidence obtained when he was arrested and when his car was searched. He argues that no probable cause existed for the arrest or the search. We affirm the trial court's finding of probable cause.

## I.

The suppression hearing disclosed that several Colorado Springs police officers were ordered to respond to a citizen's complaint that suspicious people possibly involved in a drug transaction were parked in a car

---

[1] Sections 48-5-2 and 48-5-20, C.R.S. 1963; now sections 12-22-302 and 12-22-322, C.R.S. 1973.

near the complainant's home. Officer Lopez arrived on the scene and asked the driver (the defendant) and the other two occupants of the car for their identification. Officer Lopez testified that at this time he smelled an odor of marijuana "coming from within the vehicle" and saw some pipes and papers on the floorboard that could have been used for smoking marijuana.

Meanwhile, Officer Ives arrived and advised Officer Lopez that he should arrest one of the occupants who failed to produce identification. No testimony expressly revealed that Lopez at this time informed Officer Ives that he had detected the marijuana odor. However, Ives spotted the pipes and wrappers in the car while he was removing the passenger with no identification from the car.

Officer Ives was then motioned across the street by Mr. Firkens who lived in a house there. Mr. Firkens told him that the defendant parked his car across the street with three other parties inside. A black male and the defendant got out of the car, opened the trunk, and pulled out a brown bag. They took a cellophane bag from the brown bag and the black man put it in his pocket. He then went into a house which Officer Ives remembered as the scene of six earlier narcotics arrests. According to Mr. Firkens, the black man never returned to the car after the police arrived.

After consulting with other officers that had arrived on the scene, Officers Ives and Lopez opened the trunk of the car and seized fourteen cellophane bags of marijuana found in a brown paper bag. The defendant was also searched and a small quantity of marijuana was found in one of his pockets.

The testimony of the officers differed as to the exact time of the arrest of the defendant on the drug charges. Officer Lopez testified that he arrested the defendant in his car after he detected the marijuana odor and saw the suspected narcotics paraphernalia. Officer Ives, on the other hand, testified that the defendant was not arrested until he was taken out of his car and frisked, which occurred after he had interviewed Mr. Firkens.

## II.

The defendant alleges, first of all, that no probable cause existed to justify his initial detention by Officer Lopez because the informant's identity and reliability were not known to the police.

We find this argument without merit. Probable cause is not always necessary for an officer to detain a person for questioning. *Terry v. Ohio,* 392 U.S.1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *People v. Mangum,* 189 Colo. 246, 539 P.2d 120 (1975); *People v.Stevens,* 183 Colo. 399, 517 P.2d 1336 (1973); *Stone v. People,* 174 Colo. 504, 485 P.2d 495 (1971). As measured by the criteria set forth in *Stone,* Officer Lopez had reasonable cause to detain the defendant after receiving the radio dispatch relating a citizen's fear and concern over the suspicious activities of the occupants of the car parked outside her home.

A reliable informant's tip can be a reasonable basis for making an investigatory detention. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *People v. Lucero,* 182 Colo. 39, 511 P.2d 468 (1973). In this case, the record reveals that the citizen informant who identified herself and who voluntarily reported the suspicious activity, was not a covert, undercover informant likely to fabricate information in return for immunity or other compensation. *People v. Trontell,* 188 Colo. 253, 533 P.2d 1124 (1975); *People v. Lucero, supra; People v. Glaubman,* 175 Colo. 41, 485 P.2d 711 (1971). Upon such a trustworthy tip, the officers would have been derelict in their duty if they had not detained the defendant and his passengers to check their identity and the nature of their activity. In contrast, *People v. Ware,* 174 Colo. 419, 484 P.2d 103 (1971), which the defendant cites in support of his position, was a case where the officer had no indication of the identity of a fellow officer's informant or the circumstances in which the tip was given.

■ The defendant also argues that no probable cause existed later to justify his arrest or search of his car. He contends that neither Officer Lopez or Officer Ives alone had enough information to constitute probable cause as they did not communicate their information to one another before arresting him or searching his car.[2] He also argues that Officer Lopez's testimony as to the marijuana odor should not be believed since the car was a convertible and because the officer unaccountably never communicated this alleged odor to Officer Ives.

However, we do not have to reach most of the foregoing issues because we find that Officer Ives alone had sufficient information for probable cause to arrest the defendant and search his car. The radio dispatch, the officer's observation of the suspected narcotics paraphernalia, the statements of Mr. Firkens concerning the activities of the defendant, and the officer's knowledge of the six prior narcotics arrests at the house which the fourth man entered, amounted to sufficient probable cause for the arrest.

The fact that Officer Lopez testified that he arrested the defendant before Officer Ives made his investigation is inconsequential. As we stated in *People v. Stevens, supra,* "labeling the detention as an arrest does not, *per se,* require that the arresting official have had probable cause to 'arrest' the defendant with all the consequences that an 'arrest' entails. The proper inquiry is whether the seizure was reasonable which turns on

---

[2] The record is equivocal as to whether Officers Ives and Lopez exchanged information which they obtained through their separate investigations. However, because of the disposition we make of this case, we do not have to address the question whether the collective information of officers conducting contemporaneous but separate investigations can be used to determine probable cause for arrests and searches. *See, e.g., United States v. Goeltz,* 513 F.2d 193 (10th Cir. 1975); *United States v. Nieto,* 510 F.2d 1118 (5th Cir. 1975); *United States v. Heisman,* 503 F.2d 1284 (8th Cir.1974); *Wood v. Crouse,* 436 F.2d 1077 (10th Cir. 1971); *Smith v. United States,* 358 F.2d 833 (D.C. Cir. 1966); *People v. Jackson,* 189 Colo. 316, 543 P.2d 705; *Salter v. Indiana,* 321 N.E.2d 760 (Ind. Ct. App. 1975); *State v. Mickelson,* 526 P.2d 583 (Or. Ct. App. 1974).

'whether the officers' action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.'" Here, the defendant was reasonably detained in his car pending an identification check and verification of the neighbor's complaint. He was only removed from his car, frisked, and taken to the stationhouse by officers who had consulted Officer Ives after he had conducted his investigations and properly concluded that probable cause existed to arrest the defendant on drug charges.

Additionally, the timing of the arrest was irrelevant to the propriety of the search since the search was conducted by Officers Ives and Lopez only after Ives had conducted his investigations. Ives' information therefore furnished probable cause to search the trunk without reference to the time of the arrest. *See, e.g., People v. Haggart,* 188 Colo. 164, 533 P.2d 488 (1975).

■ Defendant's final objection is that no exigent circumstances existed to justify the warrantless search of the vehicle's trunk even if probable cause existed to arrest him. However, here, where the forth occupant of the car was not in police custody, the officer could have reasonably presumed that he could have returned to the car and destroyed or moved the evidence. *See Chamber v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *People v. Haggart, supra.* Such exigent circumstances, coupled with probable cause to suspect that the narcotics were in the trunk, justified the warrantless search and seizure.

Judgment affirmed.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. The defendant's allegation that he was unconstitutionally detained merits consideration from some perspective other than hindsight. A police officer's conduct in making an investigatory stop should be judged solely upon the information in his possession immediately prior to the investigation.

*Stone v. People,* 174 Colo. 504, 485 P.2d 495 (1971), dictates that an investigatory stop must be preceded by a reasonable suspicion on the part of the police officer that the suspect is either engaged in or about to engage in criminal activity. Mere suspicion or conjecture will not suffice. The only information possessed by Officer Lopez when he detained the suspects in the vehicle was second-hand information gleaned from a radio dispatch relating a citizen's unverified and uncorroborated suspicions. The foundation of those suspicions — if there was one — was not so reasonable as to warrant an immediate investigatory stop by the police officers. Nevertheless, armed with the sketchy information supplied by the radio dispatch, Officer Lopez promptly marched to the vehicle, initiated an investigation, and eventually arrested the occupants.

The mere fact that an informant is a citizen who identifies herself over the telephone does not assure an investigating officer of her reliability and supply justification for a subsequent stop. In some situations, the untested word of a citizen-informant may warrant immediate police response. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), provides:

"[W]hen the victim of a street crime seeks immediate police aid and gives a description of his assailant, or when a credible informant warns of a specific impending crime — the subtleties of the hearsay rule should not thwart an appropriate police response."

Here, the information received by Officer Lopez was not derived from the victim of a street crime. At most, the information supplied to the police was based upon speculation and suspicion. The police were advised that suspicious people, *possibly* involved in a drug transaction, were parked in a car near the citizen-informant's home.

The informant's tip in this case required further investigation on the part of the officer before a forcible stop of the suspect could be authorized. *Adams v. Williams, supra.* A few minutes' independent observation by Officer Lopez may very well have substantiated and particularized the suspicions asserted by the citizen-informant.

Inasmuch as the arrest was predicated upon information obtained during an unreasonable investigatory stop, the arrest, in my opinion, was not justified.

I would reverse.