**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

**v.**

**Harold G. LEWIS, Defendant-Appellant.**

**No. 79CA1069.**

Colorado Court of Appeals,
Div. III.

April 21, 1983.

Rehearing Denied June 30, 1983.

Certiorari Denied Oct. 31, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Virginia Byrnes, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Harold G. Lewis, appeals his jury conviction of two counts of theft and one count of conspiracy to commit theft. We affirm.

The record reveals the following facts. In February 1978, officers of the Metropolitan Denver District Attorney's Consumer Office obtained a warrant and conducted a search of the South Colorado Boulevard Office of Allied Research and Marketing, Inc. (Allied). As a result of this search, defendant, an employee of Allied, was charged with theft, conspiracy to commit theft, fraud in effecting sales, and conspiracy to commit fraud in effecting sales.

On October 30, 1978, defendant filed a motion for a bill of particulars and, on February 26, 1979, filed an amended motion for a bill of particulars. The trial court denied these motions respecting information not already disclosed to defendant by the prosecution.

On March 9, 1979, the prosecution moved for late endorsement of 14 additional witnesses, including three expert witnesses. The motion was granted except with respect to the three expert witnesses. Defendant then successfully moved for a continuance, expressly waiving his right to speedy trial. On March 16, 1979, the trial court denied defendant's motion to suppress. On June 6, 1979, defendant's motion

to dismiss based on alleged violations of his speedy trial rights was also denied.

## I.

Defendant contends that the trial court erred in denying his motion to suppress evidence because the affidavit in support of the search warrant did not meet constitutional standards. We disagree.

■ An affidavit submitted in support of a request for a search warrant must allege sufficient facts to lead a person of reasonable caution to believe that material evidence of criminal activity is located on the premises to be searched. *People v. Ball,* 639 P.2d 1078 (Colo.1982). If information is obtained by the affiant police officer from an unidentified informer, the affidavit must state sufficient facts to disclose the basis for the informer's knowledge of the alleged criminal activity and also must allege adequate circumstances to justify the officer's belief in the informer's credibility or reliability. *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *People v. Jackson,* 189 Colo. 316, 543 P.2d 705 (1975); *People v. Montoya,* 189 Colo. 106, 538 P.2d 1332 (1975); *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232 (1973).

■ Here, the affiant police officers utilized information furnished by citizens named in the affidavit to seek the issuance of the warrant. Thus, "both the credibility of the source and the reliability of the information may be presumed and, therefore, need not be independently established in the affidavit." *People v. Ball, supra. See also People v. Henry,* 631 P.2d 1122 (Colo. 1981); *People v. Glaubman,* 175 Colo. 41, 485 P.2d 711 (1971).

The affidavit contains the following statement:

"Since September of 1977 your affiants, Gayle W. Savage and James G. Rickett, Investigators for the Metropolitan District Attorney's Consumer Office, have

interviewed clients and prospective clients of Allied Research and Marketing, Inc. . . . including Dianna Muegge, Kim Preston, and Charles Brewer, Gordon Collins, Bob Hutchenson, Vicki Linn, and Ben Janacek."

Asserting that the term "including" is non-inclusive, defendant argues that the affiant officers utilized information provided by other, unidentified individuals, thus preventing the issuing magistrate from making independent findings respecting the reliability of the source of such information.

Affidavits for search warrants must be interpreted in a common sense and realistic fashion. *People v. Lindholm,* 197 Colo. 270, 591 P.2d 1032 (1979). *See also United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). We conclude, as did the trial court, that the sources of information in this affidavit were complete, and that no unidentified informants supplied the information contained therein. We also conclude, contrary to defendant's alternative argument, that the affidavit alleged sufficient facts to support the issuing magistrate's determination that, at the time the warrant was issued, material evidence of criminal activity was located on the premises to be searched. *People v. Hearty,* 644 P.2d 302 (Colo.1982); *People v. Ball, supra.*

## II.

Defendant next contends that the prosecution did not afford him the opportunity to negotiate a plea agreement equivalent to that offered similarly situated defendants and that, therefore, the trial court erred in denying his motion to dismiss on these grounds. We disagree.

Section 16–7–301(3), C.R.S.1973 (1978 Repl.Vol. 8), states as follows:

"Defendants whose situations are similar should be afforded similar opportunities for plea agreement."

Crim.P. 11(f)(3) contains identical language.

The authority to pursue plea negotiations in criminal cases is committed to the executive authority of the prosecution.

Section 16–7–301(1), C.R.S.1973 (1978 Repl. Vol. 8); *People v. District Court,* 186 Colo. 335, 527 P.2d 50 (1974). Here, the prosecution exercised its discretion by offering to discuss the possibility of a plea arrangement with defendant. Section 16–7–301(3) and Crim.P. 11(f)(3) do not require that similarly situated defendants must be offered *identical* concessions. *See ABA Standards for Criminal Justice, Pleas of Guilty* § 14–3.1(c) (commentary) (2d ed.1980). Moreover, the prosecution's discretion in the area of charging defendants should "not be controlled or limited by judicial intervention." *People v. District Court,* 632 P.2d 1022 (Colo.1981). *See also Newman v. United States,* 127 U.S.App.D.C. 263, 382 F.2d 479 (1967); *J. Bond, Plea Bargaining & Guilty Pleas* §§ 5.2, 5.2(b) and 5.3 (2d ed.1982). Assuming that defendant may obtain judicial review of the district attorney's exercise of its discretion in these circumstances, we note that the trial court found that defendant was not similarly situated to other alleged co-conspirators. The record supports this finding; hence, we conclude that the trial court did not err in denying defendant's motion.

## III.

Defendant also contends that the trial court denied his constitutional right to a speedy trial by permitting the late endorsement of witnesses by the prosecution. We disagree.

The determination of whether the prosecution should be granted leave for the late endorsement of witnesses is a matter left within the sound discretion of the trial court. *People v. Adler,* 629 P.2d 569 (Colo.1981); *People v. Muniz,* 622 P.2d 100 (Colo.App.1980). Where leave for late endorsement of witnesses is properly granted, and defendant then requests a continuance, speedy trial claims must fail absent a showing of bad faith on the part of the prosecution in seeking a late endorsement. *People v. Steele,* 193 Colo. 87, 563 P.2d 6 (1977). Here, defendant knew the identity of the additional witnesses 18 days prior to the trial. Defendant had sufficient opportunity

to prepare for trial; thus, he was not prejudiced by the trial court's order, and the motion to dismiss was properly denied.

## IV.

Defendant also contends that the trial court erred in denying his motion for a bill of particulars. We again disagree.

 A trial court generally retains broad discretion to require the prosecution to provide a bill of particulars. Crim.P. 7(g). *See People v. District Court,* 198 Colo. 501, 603 P.2d 127 (1979); *Balltrip v. People,* 157 Colo. 108, 401 P.2d 259 (1965). However, when the crime of theft is charged, § 18–4–401(6), C.R.S.1973 (1978 Repl.Vol. 8), mandates that a bill of particulars be provided to defendant upon request. *People v. District Court,* 198 Colo. 501, 603 P.2d 127 (1979).

A bill of particulars must provide such information requested by defendant as is "necessary for the defendant to prepare his defense and to avoid prejudicial surprise." *People v. District Court,* 198 Colo. 501, 603 P.2d 127 (1979). However, a defendant is not necessarily entitled to receive all the information requested for a bill of particulars. The prosecution need not disclose in detail all evidence upon which it intends to rely. *Balltrip v. People, supra.*

At the hearing on defendant's request here, the prosecution informed defendant of the specific section of the theft statute upon which it was relying. Defendant was also informed of the things of value allegedly taken and of the witnesses who would be called to prove the overt acts allegedly committed in furtherance of the conspiracy. The prosecution subsequently informed defendant by letter of the overt acts it intended to prove in connection with the conspiracy count. The trial court properly denied defendant's requests regarding areas "more properly the subject of discovery proceedings." *People v. District Court,* 198 Colo. 501, 603 P.2d 127 (1979). We conclude that the information provided by the prosecution afforded the defendant a fair opportunity to prepare for trial, and

that the limitations imposed by the trial court were not improper.

## V.

Contrary to defendant's final contention, the evidence presented at trial, when viewed in the light most favorable to the prosecution, was sufficient to support a conclusion that defendant was guilty of theft and conspiracy to commit theft. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

The judgments of conviction are affirmed.

BERMAN and TURSI, JJ., concur.