Mr. Justice Kelley
delivered the opinion of the Court.
This interlocutory appeal is brought pursuant to C.A.R. 4.1. Richard Hemenover, the defendant, seeks reversal of an adverse ruling by the trial court on his motion to suppress evidence. The motion to suppress is based on the allegation that the arrest was unlawful. Thus, the only issue for our determination is whether under the *503 facts of this case there was probable cause to arrest. Our review of the record indicates that it amply supports the trial court in its conclusion that there was probable cause to arrest and we therefore affirm the ruling of the trial court.
The facts leading up to the arrest are as follows: Detectives Gigikos and Corbin of the Aurora Police Department, at the time of this arrest, were involved in narcotic investigations and surveillances. On several occasions prior to the incident in question, Mr. Livingston, the owner of the Tastee-Freez Store at 1430 Chambers Road, had informed the Police Department that he suspected heavy narcotics activity in and around the Tastee-Freez Store. Also, during the school year, information had been relayed to the Police Department concerning heavy drug activity in this area. The Tastee-Freez is approximately three blocks from Aurora Hinkley High School.
On June 2, 1970, Detective Gigikos and Detective Corbin drove to the Tastee-Freez in Detective Gigikos’ personal automobile. Upon arriving there, they purchased soft drinks and began to observe persons in the area. Detective Gigikos had on several prior occasions spoken to Mr. Livingston concerning drug transactions occurring on the premises of the Tastee-Freez property. Detective Corbin had been advised by an informant three days prior to June 2, 1970, that narcotics were being dispensed in large amounts at the Tastee-Freez Store. Approximately ten minutes after the detectives arrived, they observed a red Ford Falcon sedan drive up to the Tastee-Freez Store parking area. The driver parked the car in such a manner that both officers had a clear view of the front and left side of the car. The detectives observed two girls of high school age get out of the car and walk to a nearby U-Totem Store. A few minutes later the girls returned to the Falcon. Within a minute or two after the girls had returned to the Falcon, the detectives noticed a young man approach the car on foot and walk up to the driver’s side of the vehicle. Detective *504 Gigikos recognized the young man as Richard Ray Hemenover.
The detective stated that in October of 1968, he had received information from a confidential informant to the effect that Hemenover was engaged in the selling of dangerous drugs out of the Hoffman Heights Pharmacy where he was then employed. After receiving this information, the detective had obtained a picture of Mr. Hemenover from the school annual and had since that time observed Mr. Hemenover personally.
The detectives observed Mr. Hemenover talk to the driver of the Falcon for a few seconds, reach into his left front pants pocket and pull out a paper or foil wrapped package approximately one-half inch across, which' appeared to the detectives to be a tablet wrapped in paper or foil. They recognized this as being a common method of wrapping LSD tablets.
Both detectives had had prior experience in dealing with narcotic drug cases and Detective Corbin also based his recognition of such packaging of LSD on his schooling in narcotics and drugs as a member of the Aurora Police Department.
Mr. Hemenover handed the package to the driver of the Ford Falcon and the driver in return handed something to Mr. Hemenover. Both detectives testified that based on their experience in narcotic- and drug cases, this appeared to them to be a sale of a drug. At that point, the detectives got out of their car and ran over to the Falcon to arrest the parties for illegal sale of drugs.
Detective Gigikos first grabbed the hand of the driver and took from her various coins totaling $1.21. He then turned Mr. Hemenover around so that they were facing each other and at this time noticed in the pocket of his T-shirt a clear plastic medicine bottle containing a greenish substance. Based on his experience, the detective testified that the substance appeared to be marijuana.
Detective Corbin at the same time opened the door on the driver’s side of the Falcon and observed the *505 driver moving some school newspapers in the middle of the front seat, in a manner indicating an attempt to obscure something. The detective reached across the driver and recovered a small foil or paper wrapped package from the middle of the front seat. Detective Corbin looked inside the package and observed a light purple pill which he testified, based on his experience in drug cases, appeared to be LSD.
The above statement is taken substantially from the findings of fact made by the trial court. At the conclusion of the findings, the trial judge stated:
“Based on the above findings of fact, it is the judgment of this court that as a matter of law, the detectives had probable cause to arrest Mr. Hemenover when they got out of their vehicle, and that the foil or paper covered pill and the medicine bottle containing the suspected marijuana were legally seized by the detectives.”
As we have previously stated, “* * * It is the function of the trial court and not the reviewing court to weigh the evidence and make a finding on the pertinent issue.” People v. Kelley, 172 Colo. 39, 470 P.2d 32.
If the finding is supported by evidence in the record, we will not disturb the finding on review. Unquestionably, the findings of fact by the trial court are supported by the evidence. Thus, the only remaining question is whether the court applied the correct law.
In deciding whether probable cause exists to arrest without a warrant, this court has stated the test to be as follows:
“The substance of all definitions of probable cause is a reasonable ground for belief of guilt. Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879. But the quantum or quality of evidence needed to show probable cause for an arrest is different from that required to sustain a conviction of a violation of a substantive offense. Sanchez v. United States, 9 Cir., 311 F.2d 327, cert. denied, 373 U.S. 949, 83 S.Ct. 1678, 10 L.Ed. 2d 704. In determining what constitutes probable *506 cause for an arrest, the surrounding facts and circumstances within the knowledge of the arresting officer, which are indicative of the commission of a crime, are most significant. When an arrest is made by a police officer, his actions should not be measured by what might or'might not be probable cause to an untrained civilian. They should be measured by the standard appropriate for a reasonable, cautious, and prudent police officer engaged in a narcotics investigation. State v. Poe, 74 Wash.2d 425, 445 P.2d 196. The standard must be that of ‘a reasonable, cautious and prudent police officer’ and must be judged in light of his training and experience. Bell v. United States, 102 U.S. App. D.C. 383, 254 F.2d 82, cert. denied, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113.”
People v. Collman, 172 Colo. 238, 471 P.2d 421.
We hold that the trial court’s findings were supported by the evidence. The facts and circumstances, which were within the police officers’ knowledge, when measured by a standard of what these facts and circumstances would indicate to a reasonable, cautious, and prudent police officer engaged in a narcotics investigation, leads to the conclusion that probable cause existed to arrest without a warrant.
The ruling of the trial court, therefore, is affirmed.