No. 25014.

THE PEOPLE OF THE STATE OF COLORADO v. STEVEN EARL WEINERT.
(482 P.2d 103)

Decided March 15, 1971.

Robert L. Russel, District Attorney, Fourth Judicial District, Ellen Chestnutt, Deputy, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, Kevin R. O'Reilly, Deputy, for defendant-appellant.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

This is an interlocutory appeal of a trial court ruling which denied the defendant-appellant's motion to suppress as evidence quantities of marijuana recovered from his automobile.

The facts relevant to our disposition of this appeal are as follows: On August 23, 1970, at approximately 11:30 p.m., Daniel Casey, a civilian employee of the Colorado Springs Police Department, was leaving a local restaurant. While passing a parked car, he noticed the defendant and a "young girl" bending over an open knapsack in the back seat. The flap of the knapsack was open, and the employee was able to observe several plastic bags inside; he was not, however, able to ascertain the contents of the bags. However, he also testified that the plastic bags were similar to those in which he had seen contraband such as marijuana stored. As he approached closer, the girl in the car was heard to say "watch it" and the flap was closed. The civilian employee returned to the police station, related what he had seen and heard to officers, and furnished a description of the vehicle and its occupants. The officers went to the scene and waited for the suspects' return. When the defendant and the girl returned to the car and drove away, they were stopped, the defendant was arrested, and the closed knapsack was recovered from the rear seat. The contents of the bag subsequently tested as marijuana. The defendant has been charged with the unlawful possession of a narcotic drug, and contributing to juvenile delinquency.

The appellant asserts first that the materials recovered from the car should be suppressed, there being no probable cause for his arrest. His second contention is that, assuming for the purpose of argument the arrest was valid, the scope of a search incident to an arrest should not include the back seat of his car.

A search not conducted pursuant to a valid search warrant is justifiable only if incident to a valid arrest. *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996; *see also Harris v. United States,* 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. It is basic that an arrest with or without a warrant must stand on firmer ground than mere suspicion. *Wong Sun v. United States,* 371 U.S.

471, 83 S.Ct. 407, 9 L.Ed.2d 441, *citing Henry v. United States,* 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134.

■ This court has reviewed the standards for establishing probable cause for an arrest on numerous occasions in the past. These standards are:

"[P]robable cause exists where the facts and circumstances within the arresting officers' knowledge are sufficent in themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed. In dealing with probable cause, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Lucero v. People,* 165 Colo. 315, 438 P.2d 693, *cert. den.* 393 U.S. 893, *citing Gonzales v. People,* 156 Colo. 252, 398 P.2d 236. *See also Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

■ The arresting officers had the following facts available to them at the time of the appellant's arrest: An informant, whose reliability is not an issue, reported that he had seen a long-haired individual and a young girl bending over an open knapsack in the back seat of a car. The knapsack contained a number of plastic bags, whose contents could not be seen. The informant approached, the girl exclaimed "watch it" and the sack was closed.

It is our conclusion that the arrest of the appellant was based upon probable cause. Taken together, the circumstances preceding the arrest were sufficient to warrant a conclusion by a reasonably prudent police officer that a crime had been or was being committed. *Lucero, supra.*

■ We need not pass on the question of whether the recovery from the back seat of the knapsack was within the scope of a search incident to a lawful arrest. In the recent case of *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 21 L.Ed.2d 419, the Court held that an automobile may be searched without a warrant provided that there is

probable cause to believe that the automobile contains articles that officers are entitled to seize.

The ruling of the trial court denying the motion to suppress is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON not participating.