No. 25066.

THE PEOPLE OF THE STATE OF COLORADO *v.* BOYD R. BENGSTON.
(482 P.2d 989)

Decided March 22, 1971.

DAVID L. WOOD, District Attorney, L. DUANE WOODARD, Deputy, for plaintiff-appellee.

ROLLIE ROGERS, State Public Defender, EDWIN L. FELTER, JR., Deputy, DON L. NELSON, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is an interlocutory appeal of a trial court ruling denying defendant-appellant's motion to suppress as evidence quantities of marijuana recovered from his person. The appeal is frivolous and deserves little comment. The defendant contends that the seizure of the cigarettes was illegal because his arrest was not based upon probable cause. We disagree. There is little doubt that the officers had probable cause to arrest the defendant and that the contraband was seized incident thereto. The officers saw the defendant smoking a rolled cigarette, passing it among two friends. Such sharing is commonplace among "pot" smokers according to the experience of the officers. The officers smelled the telltale odor of the marijuana smoke; the defendant flipped the cigarette away when the officers approached. This "butt" was retrieved and tested as marijuana.

This court has reviewed the standards required for establishing probable cause to arrest on numerous occasions in the past, and most recently in the case of *People v. Weinert,* 174 Colo. 71, 482 P.2d 103. Adhering to the

principles enunciated in the cases reviewed by *Weinert,* we hold that the facts and circumstances within the knowledge of the arresting officers were sufficient in themselves to warrant a man of reasonable caution in the belief that an offense was being or had been committed.

The ruling of the trial court denying the motion to suppress is affirmed.