No. 23727.

DAVID JEROME FLESHER AND PETER JOHN GLEICHMAN *v.* THE PEOPLE OF THE STATE OF COLORADO.
(484 P.2d 113)

Decided April 26, 1971.

TRAYLOR, KLADDER, HARSHMAN & PALO, CHARLES J. TRAYLOR, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT L. HOECKER, Assistant, for defendant in error.

*En Banc.*

J. ROBERT MILLER, District Judge*, delivered the opinion of the Court.

ON September 28, 1967, the District Attorney of Mesa County filed an Information charging the defendants, David Jerome Flesher and Peter John Gleichman, with unlawfully having in their possession a narcotic drug, cannabis, commonly known as marijuana, in violation of C.R.S. 1963, 48-5-2. On that same day, a search warrant was issued permitting the police to search a safe deposit box rented by the defendants at Mesa National Bank. A search was made the same day by the police, accompanied by defendants, which revealed three envelopes containing the prohibited drug. Defendants were taken to police headquarters and were individually questioned about the safe deposit box. These statements, Exhibits D and E, were introduced at trial, as part of the People's evidence over defendants' objections.

Defendants filed a motion to suppress this evidence, alleging as grounds therefor that no probable cause existed for the issuance of this search warrant and that therefore the envelopes were unlawfully obtained by the police and should be suppressed. This motion was denied by the court.

A jury trial was waived and trial to the court was held December 20, 1967. Defendants' objection to the introduction of these three envelopes containing mari-

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

juana was overruled. At the conclusion of the evidence, the court found the two guilty as charged. Motions for judgment of acquittal and for a new trial were denied, and appeal has been brought to this court.

I.

Although several assignments of error were raised, we find two to be dispositive of the case as a whole. The first relates to the search warrant which issued and the second to the admission into evidence of Exhibits D and E, statements made by the defendants. The search warrant issued September 28, 1967 was fatally defective in that the affidavit, upon which it was based, failed to establish that probable cause existed to believe that marijuana was being kept in the safe deposit box rented by the defendants. Under both the Fourth Amendment of the United States Constitution and Article 2, Section 7 of the Colorado Constitution, no search warrants may issue without a showing of probable cause, which, under the Colorado Constitution, must be affirmed in writing before a search warrant may issue. It is necessary that a determination of the existence of probable cause be made by the judiciary; not upon mere suspicion of the police. *Hernandez v. The People,* 153 Colo. 316, 385 P.2d 996; *Gallegos v. The People,* 157 Colo. 173, 401 P.2d 613. The affidavit in the present case reveals no such information as could lead to a judicial determination of the existence of probable cause to believe that narcotics were present in that particular safety deposit box.

Probable cause is an elusive term and is incapable of any precise definition, which would permit a mechanical application under all circumstances once certain factors are presented. The United States Supreme Court in attempting to define this area with certainty and to provide guidelines for proper investigation has provided a two-prong test. First, the affidavit upon which the warrant is based must set forth the "underlying circumstances" necessary to enable an independent judi-

cial determination to be made, and, second, the information upon which the conclusion is based must come from a reliable or credible source. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

The affidavit here does not recite sufficient facts which could enable the court to make an independent determination that there is probable cause to believe that the defendants were keeping marijuana in their safe deposit box.

In sum total, the first six numbered paragraphs of this affidavit merely provided the information to the court that the two college students, one of whom reportedly had engaged at some previous time in selling marijuana, had rented a safe deposit box. Absolutely nothing is recited which could give rise to any reasonable form of belief that the two were keeping marijuana in this box, and consequently, based upon this, no probable cause has been shown.

However, the obvious crux of this argument in favor of probable cause is to be found in paragraph 7, which is the statement that the Treasury Department had received information that one of the defendants kept marijuana in a safe deposit box in a local bank. If this information is coupled with the information contained in the previous six paragraphs pertaining to the box rented by the defendants, so the argument goes, there is shown probable cause to believe that the defendants rented this box for the purpose of keeping marijuana.

This overlooks the second prong of the *Aguilar, supra,* test on probable cause in that there is no basis to test the credibility or reliability of the actual source of the incriminating information. In *Spinelli v. The United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, the Supreme Court considered the question of the probable cause test found in *Aguilar, supra,* in relation to a search warrant issued by the F.B.I., based upon an extremely detailed affidavit submitted by the agency. The defect to be found in the affidavit was that no information was

given upon which the magistrate could determine the reliability of the informant, nor was he given sufficient information which would give him grounds to believe that the informant and his information was reliable or credible. If the officer seeking the warrant is relying upon a tip by another person, then the information contained in the affidavit upon which the informant based his conclusion must be of sufficient detail as to permit the making on an independent determination by the court of the credibility of the informant and his information. Stripped to its essentials in *Spinelli, supra,* the affidavit merely said that an informant told the F.B.I. that Spinelli kept two phones, which were used for running a gambling operation. As such, the court concluded it was impossible for a magistrate to make his own determination from the stated facts in the affidavit that the information supplied the FB.I. was in fact credible or reliable.

Returning to the instant case, we note that the information given the police that the defendants kept marijuana in this box, came from an unnamed source, who had given it to the Treasury Department in Denver. The reliability of the Treasury Department is not at issue, since the information was not uncovered by Treasury agents, but told to them by an informant. The Treasury Department was merely a conduit for this accusation, and the reliability of the source, not the carrier of the information, is what is in issue.

██ Here, as in *Spinelli, supra,* there are simply no facts present in the affidavit which would, in their detail, or particularity, permit a court to find that the informant is probably reliable and the incriminating information stated therein probably correct. The informant's means of obtaining the information need not necessarily be recited in the affidavit if there is stated such detail given by the informant as would corroborate his assertions of criminal activity. *Draper v. The United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. But,

the important fact is the means of testing the reliability of the information given, and unless the affidavit provides such information, then no warrant should issue.

## II.

■ We now discuss one other assignment of error, relating to the statements made by the defendants to police, People's Exhibits D and E, referred to herein. These statements were in response to questions asked by the police of each defendant, separately, regarding the safe deposit box, its contents and defendants' use of the deposit box. These statements and testimony related thereto are "tainted" because they stem from the unlawful search and seizure and are therefore "fruit of the poisoned tree." *See Wong Sun v. United States,* 371 U.S. 471, 485, 83 S.Ct. 407, 9 L.Ed.2d 441; *People v. Orf,* 172 Colo. 253, 472 P.2d 123. We hold therefore that the statements and testimony related thereto should be suppressed upon retrial of the case.

Judgment reversed and cause remanded for a new trial.

MR. JUSTICE LEE not participating.