No. 24298.

WALLACE GALE, GLEN LATIMER, MIKE WOODLEE, TED GRAHAM AND JAMES EDDLEMAN v. THE PEOPLE OF THE STATE OF COLORADO.

(484 P.2d 1210)

Decided May 17, 1971.

Nicholas E. Darrow, Roderick N. Stewart, Marion D. Sell, Charles F. Willett, for plaintiffs in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, George E. DeRoos, Assistant, for defendant in error.

*En Banc.*

Saul Pinchick, District Judge*, delivered the opinion of the Court.

All the plaintiffs in error, hereinafter referred to as defendants, were charged with trespass, possession of marijuana, and conspiracy to possess marijuana. Upon motion, the court ordered that the first count of the information charging trespass be dismissed. Upon trial the court denied the defendants' motions to acquit and all defendants were found guilty of possession of marijuana and conspiracy, as charged in the second and third counts of the information.

Briefly, the facts in this case show that the defendants crossed private land, and at the time of their arrest were on public land. The sheriff placed all defendants under arrest, and thereafter, searched them. Nothing was found on the person of any of the defendants. The defendant Latimer had thrown an object into the bushes. Later a pipe, which was used to smoke marijuana, was found in the bushes. The sheriff, who got down on his hands and knees and searched the ground in the area, located a small amount of marijuana several feet from where the defendants had been sitting.

The People concede that the defendants were illegally arrested for the crime of criminal trespass. Defendants contend that the trial court should have granted their

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

motions to suppress the evidence, as it was the result of a search following an illegal arrest. The People, on the other hand, argued that the items were in plain view, and therefore, it was not a search, and that the motions to suppress were properly denied.

The facts show that a search was made, and since it was incidental to an illegal arrest, the motions to suppress the evidence should have been granted. In this case there was neither a search warrant, consent, nor a valid arrest; therefore, the search was improper. *See People v. Weinert,* 174 Colo. 71, 482 P.2d 103.

It is fundamental law that the fruits of a search predicated on an unlawful arrest cannot be used as evidence against defendants. We refer to some of our more recent cases which have so held. *People v. Nelson,* 172 Colo. 456, 474 P.2d 158, held that:
"The evidence which forms the basis of the present prosecution was turned up by a station-house search of the defendant's clothing following his unlawful arrest. ". . . Any evidence obtained under such circumstances is not admissible."

*People v. Valdez,* 173 Colo. 410, 480 P.2d 574, was an interlocutory appeal from an order suppressing certain narcotics as evidence. In that case the defendants were riding in a car and were stopped by police; no traffic offense was charged. After the arrest, police searched the area and found narcotics. The trial court ruling, that the evidence should be suppressed because it was seized incident to invalid arrests, was affirmed. The court held: "That any search and seizure incident to these arrests were violative of the defendant's constitutional rights." The district attorney there argued that the narcotics were abandoned, that the finding of them did not involve search and seizure, and that the evidence was not obtained as a result of an illegal arrest. This argument was considered untenable under the evidence. A similar situation exists here.

The judgment is reversed and the trial court directed to sustain all motions to acquit.

FRANCIS L. SHALLENBERGER, District Judge,* participating.

MR. JUSTICE HODGES and MR. JUSTICE KELLEY not participating.

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.