## No. 25746

## The People of the State of Colorado v.
## Robert Howard Thompson and Mary Jean Walker
(523 P.2d 128)

Decided June 10, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendants-appellants.

MR. JUSTICE HODGES delivered the opinion of the Court.

Appellants Thompson and Walker were found guilty of the offense of bringing alcohol onto the premises of the Colorado State Penitentiary in violation of 1967 Perm. Supp., C.R.S. 1963, 40-7-58, the so-called contraband statute. We reverse the judgments on the ground that the trial court should have granted the defendants' motions to suppress evidence and a statement secured from defendant Walker. The defendants' other grounds for reversal are without merit.

The defendants drove to the parking lot of the penitentiary where they parked their vehicle and proceeded into the penitentiary for the purpose of visiting defendant Walker's ex-husband and her son, who will be referred to collectively as the Walker inmates. Upon entering the medium security unit of the penitentiary and registering their request to visit the Walker inmates, they were asked to wait. After some delay, Officer Snow arrived. He thereupon ordered that defendant Thompson be searched. Two one-half pint bottles of whiskey were found in his coat pockets, and he was thereupon told that he was under arrest for violating the contraband statute. Officer Snow then ordered that the defendants' automobile in the penitentiary parking lot be searched. Eleven one-half pint bottles of whiskey were found in the locked trunk of the vehicle. While the vehicle was being searched, defendant Walker was also searched. However, this search proved fruitless. After Officer Snow was informed about the eleven bottles of whiskey found in the automobile, he arrested defendant Walker, and after advising her of her constitutional rights, he proceeded to question her. As a result, she stated that all of the bottles of whiskey

belonged to her. The searches and the arrests were not supported by warrants.

The defendants moved to suppress the evidence received as a result of these searches and also to suppress the statement given to Officer Snow by defendant Walker. At the suppression hearing, while it was shown from Officer Snow's testimony that he had received information from an unidentified source about the probability that defendant Walker may have previously, on the occasion of a visit to the Walker inmates, brought bottles of whiskey into the penitentiary, there was no such previous information available regarding Thompson prior to the search of his person.

At the conclusion of the suppression hearing, the trial court denied the defendants' motion on the conclusion of law that there was probable cause to conduct the searches of the defendants and their automobile. Neither the findings of fact made by the court nor any of the evidence produced at the suppression hearing was sufficient to support a finding of probable cause.

## I.

From the facts as presented at the suppression hearing, we are unable to detect anything approaching a semblance of probable cause to search defendant Thompson. We therefore hold that the trial court should have suppressed the evidence found on this defendant. Except for finding the two bottles of whiskey, through the illegal search of defendant Thompson, there was no probable cause for the officers to search the automobile. Therefore, the evidence found there should have been likewise suppressed. The statement of defendant Walker as to her ownership of the bottles of whiskey discovered on Thompson's person and in the locked trunk of the automobile is clearly suppressible under the "fruit of the poisonous tree" doctrine enunciated in *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). *See also People v. Moreno,* 176 Colo. 488, 491 P.2d 575 (1971) and *Flesher v. People,* 174 Colo. 355, 484 P.2d 113 (1971).

We also reject the suggestion of the attorney general

in his brief that warrantless searches of penitentiary visitors and their automobiles should be permitted under a relaxed standard of probable cause and that perhaps reasonable suspicion would be sufficient to support such searches. Even reasonable suspicion was not present here with respect to the search of defendant Thompson. We do, however, recognize that circumstances involving penitentiary visitation and the bringing of contraband into a penitentiary could be a basis for the adoption of strict rules to be properly posted which would include consent to search as a condition of exercising the privilege of entering the penal institution to visit a prisoner. *See* C.R.S. 1963, 105-4-24 regarding visitors at the penitentiary.

■ *Colo. Const. Art.* II, Sec. 7, as well as the Fourth and Fourteenth Amendments to the United States Constitution, forbids unreasonable searches and seizures and further require that searches and seizures be made only pursuant to a warrant based upon probable cause and supported by oath or affirmation. *See Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) and *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). Although the constitutional warrant requirement may be excused under exigent circumstances (*Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970)), the probable cause requirements are at least as strict in warrantless searches as in those pursuant to a warrant. *Whitely v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971) and *Lucero v. People,* 165 Colo. 315, 438 P.2d 693 (1968).

■ Probable cause must exist at the moment the arrest or the search is made. An officer has probable cause when the facts and circumstances within his knowledge − or upon which he has reasonably trustworthy information − are sufficient to warrant a reasonably prudent man in believing that the person to be searched or arrested has committed or is committing an offense. *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

■ Mere suspicion does not by itself constitute probable

cause. *Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957) and *People v. Nelson,* 172 Colo. 456, 474 P.2d 158 (1970). The facts of this case as presented at the suppression hearing, even when viewed with all the inferences which the law will allow, cannot be said to generate more than vague suspicion.

## II.

The remaining arguments for reversal, including defendants' constitutional challenge of the contraband statute, are without merit. Our decision in *People v. Stevens,* 183 Colo. 399, 517 P.2d 1336 (1974) rejects one of the defendants' attacks on the contraband statute which is before us in this case. We note that with the recent adoption of our new Criminal Code, we now have in effect a new contraband statute. *See* 1971 Perm. Supp., C.R.S. 1963, 40-8-203 and 204.

\* \* \* \*

The judgments as to both defendants are reversed and the cause is remanded for a new trial.

MR. JUSTICE KELLEY does not participate.