311 So.2d 890 (1975)
STATE of Louisiana
v.
James LaGARDE, Jr.
No. 55808.
Supreme Court of Louisiana.
April 24, 1975.
Ronald L. Myers, Houma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., James L. Alcock, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was tried and convicted on November 19, 1974 for the theft from Luckey's Jewelers in Houma of twelve men's diamond rings, of about $6000 in value, in violation of R.S. 14:67. He was *891 sentenced as a multiple offender to twenty years at hard labor.
The crime occurred on July 30, 1974. LaGarde entered Luckey's Jewelers and asked Mrs. Weeks, the saleslady on duty at the time, if he could see some diamond rings. Mrs. Weeks took out a tray of the rings for the defendant to examine. Defendant asked to see a tray of more expensive rings, so Mrs. Weeks got out another tray. Defendant examined one of the rings closely, then grabbed the entire tray and ran out of the store.
Mrs. Week's son, who was in the store at the time, gave chase when he heard his mother scream. He followed the defendant through an alley and around the corner. He then saw a friend of his in a pickup truck and enlisted his help in following the defendant. Shortly after Weeks got in the friend's truck, the defendant got into a brown car driven by another person. The police obtained the license number of the brown car from a witness. Shortly afterward the police discovered the car parked on a street in the vicinity of the theft. Three persons who informed the police that they had been in the car that morning were arrested and taken to the police station for questioning. Officer Lyons was questioning these suspects when he received an anonymous[1] phone call and was informed that one James LaGarde had been in the brown car with the other three suspects, and that he was still in the area. With this information Officer Lyons went back to the area to look for James LaGarde. He spotted La-Garde riding in a green Oldsmobile. Lyons had known LaGarde from birth, and had once lived next door to him. Officer Lyons waved the Oldsmobile over to the curb, at which point LaGarde jumped out of the car while it was still moving, spilling seven of the stolen rings from a towel around his waist, and attempted to run. Officer Lyons stopped him and placed him under arrest, collecting the rings from where LaGarde had dropped them. Tags on several of the rings were marked "Luckey's Jewelers."
Although numerous objections were noted by the defendant throughout the trial and although two formal bills of exceptions were filed, defendant raises only one issue in brief to this court. All of the other objections will be considered waived. State v. Lewis, 294 So.2d 204 (La.1974).
The bill of exceptions presented to this court concerns the question of whether the arrest of the defendant was legal.
Officer Lyons had been informed by an anonymous phone call that James La-Garde had been in the car that Officer Lyons knew was used in the theft. With this information Lyons would have been remiss in his duty if he had not sought out LaGarde to ask him about the incident. There might not have been probable cause to arrest LaGarde before he spilled the stolen jewelry, but Lyons had the right, if not the duty, to find LaGarde and question him about the incident. The officer acted properly in stopping the car in which La-Garde was riding. It was at this point that LaGarde jumped out of the car, dropping the stolen rings, giving the officer probable cause to arrest him for the offense. The arrest was lawful.
In this case the evidence (the stolen goods) was the cause of the arrest, not the product of the arrest.
Accordingly, the conviction and sentence of the defendant are affirmed.
NOTES
[1] Officer Lyons testified that the caller did not identify himself. He admitted that the voice sounded familiar and that he had thought about the possible identity of the caller but that he could not be certain who the caller was. Defendant contends that it was error to prevent him from asking the identity of the informant. However, the officer certainly could not testify who the informant was if he did not know his identity. Under the circumstances, the trial judge properly refused to allow the officer to speculate who the informant was.