561 P.2d 373 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
George H. SEVERSON, Defendant-Appellant.
No. 76-021.
Colorado Court of Appeals, Division II.
March 3, 1977.
*374 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Ball & Easley, P.C., Richard W. Ball, Loveland, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
Defendant, George Severson, appeals his conviction of possession of LSD with intent to dispense. We reverse.
The dispositive issue on appeal is whether the trial court erred in denying a defense motion to suppress the contents of a clear plastic bag which defendant discarded during the course of his arrest.
At the suppression hearing, the following facts surrounding defendant's arrest were elicited. The arresting officer received a radio report that a private individual had observed a possible drug transaction. The officer proceeded to the home of the citizen, where he was told of an apparent exchange between two men in the parking lot of a restaurant. The witness was seated in an automobile parked approximately 10-15 feet away from the purported sale. Though it was night, a nearby street light provided illumination. Money was given by one of the men in return for what the witness assumed to be an object, which had been removed from a small plastic bag located in the pocket of the other. The man receiving the object then went into the restaurant; the one receiving money left in a vehicle. The witness believed this to be a narcotics sale because of the businesslike quickness and asserted furtiveness of the exchange. The witness supplied the officer with descriptions of the two men and the *375 license number of the vehicle in which the one had departed.
According to the officer, the restaurant was believed by the police to be the site of extensive marijuana trafficking. The witness had told him, however, that the object transferred was too small to have been marijuana. The officer then conjectured that the transaction involved the illegal sale of some other drug. Through the license of the vehicle, the description of the person leaving the scene, and the officer's previous encounters with the defendant in connection with traffic violations, the officer concluded that defendant, an employee of a nearby pharmacy, was one of the persons who participated in the alleged transaction.
Although the officer had no previous information regarding defendant's involvement in narcotics transactions, he nevertheless decided to arrest defendant. No warrant was sought. Rather, the officer immediately proceeded in his police vehicle to the pharmacy where defendant was employed. His intentions toward defendant were "to take him into custody, make a physical search at the scene, take him to the police department and interrogate him." The officer pulled hurriedly up to the curb outside the pharmacy just as defendant was coming out of the building. The officer approached, advised defendant that he was "under arrest for investigation of narcotics," and instructed defendant to place his hands up against the side of the building for a physical search. After these advisements, but prior to an actual physical search, defendant pulled something from his pocket and threw it into the street. After physically restraining defendant, the officer retrieved the object. It was the plastic bag at issue here, later found to contain thirty-two doses of LSD.
The People argue the admissibility of this evidence by two avenues, both of which were apparently followed by the trial court in its denial of suppression. First, they contend that the bag was seized after abandonment by defendant upon a valid arrest supported by probable cause. They also assert that, even if probable cause for arrest was absent, the seizure followed a lawful investigatory stop under Stone v. People, 174 Colo. 504, 485 P.2d 495 (1971). See also § 16-3-103, C.R.S.1973. We accept neither of these arguments.

I. The Confrontation As An Arrest On Probable Cause

Different standards govern fullscale arrests and investigatory stops. Stone v. People, supra; People v. Schackelford, Colo.App., 546 P.2d 964 (1976). A valid arrest by a peace officer must be supported by probable cause, and an arrest warrant must be obtained in the absence of exigent circumstances which render the procural of a warrant impracticable. People v. Hoinville, Colo., 553 P.2d 777 (1976); § 16-3-102(1), C.R.S.1973.
The suppression hearing in this case took place prior to the decision in People v. Hoinville, supra, but while the statute was in effect. No findings were entered regarding the practicability of obtaining an arrest warrant. No remand for further findings is necessary, however, if probable cause was absent. People v. Hoinville, supra. We conclude that probable cause to arrest did not exist.
Probable cause arises only where the facts and circumstances within the officer's knowledge suffice to warrant a reasonably prudent person in the belief that the person to be arrested committed or is committing a criminal offense. This level of probability must exist at the actual moment of arrest, People v. Thompson, 185 Colo. 208, 523 P.2d 128 (1974), and must be based on known facts, not on mere rumor or conjecture. Gallegos v. People, 157 Colo. 173, 401 P.2d 613 (1965).
Here, at the time of arrest, the officer had reasonable grounds to believe that defendant was one of the two persons involved in the witnessed transaction. However, the officer lacked reasonable grounds for the belief that a criminal offense had been committed.
Although one who qualifies as a "citizen-informant" is presumed trustworthy, *376 see People v. Trontell, 188 Colo. 253, 533 P.2d 1124 (1975), this presumption only relates to the likelihood of truthfulness, and not to the weight to be accorded the information provided. Uncorroborated speculation and conjecture by an inexperienced citizen is not transformed into probability by report to the authorities. See People v. Glasener, Colo., 550 P.2d 851 (1976). Different standards govern observations by experienced peace officers. See People v. Hemenover, 173 Colo. 501, 480 P.2d 549 (1971).
That the possible origin of the object seen transferred was a plastic bag lends little, if any, weight to the postulated theory that narcotics had been sold. People v. Ware, 174 Colo. 419, 484 P.2d 103 (1971). Nor does the officer's supposed knowledge of marijuana transactions in the vicinity serve to create reasonable grounds for believing that a crime had been committed since the report from the observing citizen expressly ruled out the possibility that marijuana was involved. Moreover, the officer conceded that he had no information implicating defendant in prior illegal drug transactions of any nature. See People v. Hemenover, supra.
Here, reliable information regarding the commission of a crime was totally absent. People v. Nanes, 174 Colo. 294, 483 P.2d 958 (1971). Under these circumstances, no probable cause existed. The arrest was unlawful. People v. Navran, 174 Colo. 222, 483 P.2d 228 (1971).

II. The Confrontation as an Investigatory Stop

Nor do the facts revealed at the suppression hearing support the People's hypothesis of a valid investigatory stop on reasonable suspicion. Such brief investigatory detentions, as outlined in Stone, supra, constitute an intermediate response by the police between non-detention and arrest. These procedures are permissible only for the purpose of questioning a suspect, who might otherwise escape, regarding his identity or observed behavior in order temporarily to maintain the status quo while seeking to procure more information regarding possible wrongdoing. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); People v. Mathis, Colo., 542 P.2d 1296 (1975). The Stone formula balances the exigencies of particular situations against the intrusion which arrest entails. See People v. Gurule, 172 Colo. 159, 471 P.2d 413 (1970). The detention here cannot be viewed as anything less than a full scale arrest.
The officer's testimony regarding his intentions is not determinative. See People v. Mathis, supra. Rather, what is decisive here is that, aside from unexpressed designs, the officer actually announced to the defendant that he was under arrest, and ordered defendant to submit to a complete physical search. This constituted an arrest. See People v. Ussery, 24 Ill.App.3d 864, 321 N.E.2d 718 (1974); Commonwealth v. Brown, 230 Pa.Super. 214, 326 A.2d 906 (1974).
Since probable cause was absent, the arrest was unlawful. This unlawful confrontation resulted in defendant's alleged act of abandonment, which was urged either as creating probable cause for arrest or as depriving defendant of standing to challenge the seizure. See Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). However, the events resulting in the seizure of the bag "in plain view" were not the product of inadvertent observations by an officer in pursuit of a lawful duty. See Hafer v. People, 177 Colo. 52, 492 P.2d 847 (1972). Rather, the seizure attendant to the abandonment was the product of an illegal arrest, rather than a cause of lawful detention, and as such, the articles seized should have been suppressed. People v. Hoinville, supra; People v. Moreno, 176 Colo. 488, 491 P.2d 575 (1971). See also People v. Glasener, supra; Garcia v. People, 160 Colo. 220, 416 P.2d 373 (1966); State v. LaGarde, 311 So.2d 890 (La.1975). Cf. People v. Montoya, Colo., 538 P.2d 1332 (1975).
Judgment reversed.
VAN CISE and KELLY, JJ., concur.