The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Nick RUEDA, Defendant-Appellee.

No. 82SA201.

Supreme Court of Colorado, En Banc.

Aug. 30, 1982.

Paul Q. Beacom, Dist. Atty., Steven L. Bernard, Chief Trial Deputy Dist. Atty., Brighton, for plaintiff-appellant.

Dill & Dill, P. C., Robert A. Dill, Denver, for defendant-appellee.

ERICKSON, Justice.

This is an interlocutory appeal from a ruling by the Adams County District Court which suppressed evidence obtained in a narcotics investigation because the information given by two citizen-informants did not establish probable cause to arrest and search the defendant. We reverse the suppression ruling.

## I.

On July 17, 1981, Don Cochell, a maintenance employee at the North Valley Shopping Mall in Thorton, Colorado, observed two men enter the shopping area and proceed to the mall's rental lockers. Cochell overheard the two men argue over which locker they should use to store a small, rolled up brown paper sack. After some discussion, the two men placed the sack in a locker, deposited a coin in the locker, removed the key, and immediately left the premises. Cochell concluded that this activity "looked awfully suspicious," and he reported his observations to another maintenance employee, Arlo Anderson. Anderson acknowledged that they "better check it out," and Anderson obtained a master key while Cochell watched the locker area. Anderson and Cochell then opened the locker and examined the contents of the sack. Inside the sack were several small clear plastic bags which contained a white powdery substance. Although neither Anderson nor Cochell touched or smelled the powder, they concluded that from their observations the clear plastic bags contained some kind of "dope."

As a result, Anderson telephoned the Thornton Police Department while Cochell kept the locker area under surveillance. Anderson reported their observations to Officer McClellan who concluded, based on his previous training, that the substance inside the clear plastic bags was possibly cocaine. Officer McClellan instructed Anderson to stand by and "keep an eye on things," and said that he would come to the shopping center as soon as possible.

McClellan arrived at the mall approximately ten minutes later and met Cochell and Anderson near the locker area. Anderson informed McClellan that no one had opened the locker since he telephoned the police. McClellan then discussed the course of events with the two men in order to verify what Anderson had told him over the telephone. During their conversation, Anderson observed two men engaged in conversation outside the mall and pointed them out to McClellan. One man handed the other "something," and the second man, later identified as the defendant, Nick Rueda, entered the mall and proceeded toward the locker area. Officer McClellan then saw Reuda insert the key in the lock, remove the sack, and walk away.[1]

Officer McClellan approached Rueda, displayed his badge, and instructed him to turn around and walk outside the shopping area. Once outside, McClellan immediately seized the brown paper sack which Rueda had in his possession, opened it, and observed several small, tightly wrapped, clear plastic bags which contained a powder that was either brown or off-white in color. McClellan concluded, based upon his training and experience, that the substance was brown heroin, and he then placed Rueda under arrest.

At the suppression hearing, the Adams County District Court granted Rueda's motion to suppress the heroin, holding that Officer McClellan had violated Rueda's rights under the Fourth Amendment to the United States Constitution and Article II, section 7 of the Colorado Constitution. The court concluded that while Officer McClellan had sufficient information to make an investigatory stop, he did not have probable cause to make an arrest and conduct a search for evidence as an incident of the arrest. For the reasons set forth in this opinion, we reverse the suppression ruling of the district court.

## II.

 The sole question presented on appeal is whether Officer McClellan had probable cause to arrest at the time he confronted the defendant.[2] *See Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *People v. Navran*, 174 Colo. 222, 483 P.2d 228 (1971); *Gonzales v. People*, 156 Colo. 252, 398 P.2d 236 (1965), *cert. denied*, 381 U.S. 945, 85 S.Ct. 1788, 14 L.Ed.2d 709 (1965). Under section 16–3–102(1)(c), C.R.S. 1973 (1978 Repl. Vol. 8), an arrest may be made by an officer when "[h]e has probable cause to believe that an offense was committed and he has probable cause to believe that the offense was committed by the person to be arrested." Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a person of reasonable caution to believe an offense has been or is being committed. *See, e.g., Ker v. California, supra; People v. Schreyer*, 640 P.2d 1147 (Colo.1982); *People v. Williams*, 186 Colo. 72, 525 P.2d 463 (1974); *Glass v. People*, 177 Colo. 267, 493 P.2d 1347 (1972); *Lavato v. People*, 159 Colo. 223, 411 P.2d 328 (1966); *Gonzales v. People, supra*.

 Where an arresting officer does not directly observe the criminal activity, however, he may rely on information from a trustworthy informant as an appropriate

1. Rueda was not one of the two men that put the sack in the locker.

2. Rueda correctly contends that absent a showing of probable cause, Officer McClellan's search of the sack cannot be justified on the basis of the investigatory stop rationale announced in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and *Stone v. People*, 174 Colo. 504, 485 P.2d 495 (1971). *See also Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Under both *Terry* and *Stone*, a police officer having an articulable suspicion that criminal activity is afoot may detain an individual in order to obtain his identity and receive an explanation of his behavior. If the officer reasonably believes the individual is armed, he can conduct a limited frisk for weapons. *Terry* merely provides for a level of police intrusion based upon a standard of less than probable cause to enable police officers to safely perform certain essential investigatory responsibilities. *Terry* does not give a police officer an open invitation to conduct a "full blown" search for evidence without a showing of probable cause. *See also People v. Schreyer*, 640 P.2d 1147 (Colo.1982).

basis for establishing probable cause, even though such hearsay information would not be admissible at trial. *People v. Nanes,* 174 Colo. 294, 483 P.2d 958 (1971). Since Officer McClellan merely saw Rueda remove the bag from the locker, his observations alone would not be sufficient to establish probable cause to arrest. Therefore, the validity of the search in this case depends upon the trustworthiness of the information provided by Cochell and Anderson.

■ This Court has consistently held that information provided by citizen-informants is not subject to the same credibility standards as information provided by confidential police informants. *E.g., People v. Saars,* 196 Colo. 294, 584 P.2d 622 (1978); *People v. Hubbard,* 184 Colo. 225, 519 P.2d 951 (1974); *People v. Glaubman,* 175 Colo. 41, 485 P.2d 711 (1971). *See also Aguilar v. Texas* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). As we held in *People v. Hubbard, supra* :

> "[W]hen the source of the information is a citizen-informant who was an eyewitness to the crime and is identified, the information is presumed to be reliable and the prosecution is not required to establish either the credibility of the informant or the reliability of his information." 184 Colo. at 228, 519 P.2d 951.

Despite the presumption of reliability that must be afforded the citizen-informant, Rueda nevertheless attacks the use of Cochell's and Anderson's information, claiming that it does not establish a sufficient foundation for a finding of probable cause. Rueda contends that since neither Anderson nor Cochell had received training in narcotics identification, their conclusion that the sack contained "dope" could not provide Officer McClellan with reasonable grounds for believing that Rueda was committing a crime. We do not agree.

■ In determining whether probable cause exists in a particular case, the court must deal with probabilities that a crime has been committed. "These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act." *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *People v. Weinert,* 174 Colo. 71, 482 P.2d 103 (1971). Moreover, in assessing the existence of probable cause to arrest, a court must also consider the police officer's knowledge, expertise, and experience in a particular law enforcement field. *United States v. Ortiz,* 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975).

■ Applying these legal principles to the facts in this case, we believe that Officer McClellan had probable cause at the time he approached Rueda to make an arrest and that the subsequent search of Rueda incident to the arrest was therefore permissible. Officer McClellan's own observations, coupled with reliable information provided by Anderson and Cochell, would warrant a reasonably cautious and prudent police officer to believe, in light of his previous training and experience, that Rueda was engaged in criminal activity. McClellan knew that two men had an argument over which locker they should use to store a small brown paper sack. He also knew that a subsequent search of the sack by the two maintenance men had revealed several clear plastic bags containing a white powdery substance. Finally, Officer McClellan knew that Rueda had not been one of the two men who had earlier deposited the sack in the locker, but that he now had the key to the coin-operated locker. Based on his training and experience in drug enforcement, this information established reasonable grounds for McClellan to believe that a narcotics transaction was in progress. Thus, when Reuda. arrived at the scene and removed the sack from the locker, Officer McClellan had probable cause to arrest the defendant. The subsequent search of the defendant incident to the arrest was therefore not unreasonable. We therefore conclude that the trial court erred in granting the defendant's motion to suppress the evidence.

Accordingly, the ruling of the trial court is reversed.

LEE, J., does not participate.