The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Robert WIRTZ, Defendant-Appellant.

No. 80CA0849.

Colorado Court of Appeals, Div. II.

Oct. 14, 1982.

Rehearing Denied Nov. 26, 1982.

Certiorari Denied March 7, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Robert Wirtz, appeals his conviction of first degree burglary. We affirm.

In *People v. Driscoll,* (Colo.App. No. 80CA0827, July 23, 1981) (not selected for official publication) we affirmed the conviction of defendant's co-defendant in a joint trial. *Driscoll* is controlling here.

In *Driscoll* we held that probable cause existed for the arrest of Driscoll and that the subsequent inventory search of the defendant Wirtz' automobile was not unreasonable. Defendant attempts to distinguish this case from *Driscoll* by asserting that he is attacking the reliability of the underlying facts relied upon by the arresting officer, while the briefs in *Driscoll* and the final opinion assumed these facts to be accurate. There is no merit to this argument.

■ The arresting officer obtained his information through a dispatcher, who was relying upon information from identified citizen informants. Contrary to defendant's assertions, the information of identified citizen informants has an inherent presumption of reliability and the *Aguilar-Spinelli* test of reliability for unnamed informants does not apply. *People v. Saars,* 196 Colo. 294, 584 P.2d 622 (1978); *People v. Glaubman,* 175 Colo. 41, 485 P.2d 711 (1971). In addition, the identity of the citizen informants was available at the suppression hearing, and the defendant at that time raised no question as to their reliability or made any attempt to examine them.

Defendant also contends that *People v. Schreyer,* 640 P.2d 1147 (Colo.1982) and not *Driscoll* should control here. Defendant's reliance on *Schreyer* is misplaced.

■ "Because of the kaleidoscopic myriad that goes into the probable cause mix 'seldom does a decision in one case handily dispose of the next.'" *U.S. v. Davis,* 458 F.2d 819 (D.C.Cir.1972). The assessment as to probable cause is made on the totality of the circumstances. *People v. Schreyer, supra.*

■ Both the instant case and *Schreyer* involve the apprehension of defendants and the subsequent search of their car after having been provided with information by citizen informants. In *Schreyer,* the informants observed the defendants walking around cars in a neighborhood and then placing unspecified objects into their car. After having the car pointed out to them, the police officers stopped the car, informed the defendant of his constitutional rights, and requested permission to search. When the defendant asked to see a lawyer first, he was placed under arrest. The Supreme Court affirmed the trial court's decision that no probable cause existed for the arrest. Moreover, in *Schreyer,* the court noted with respect to the initial stop of the automobile, that under circumstances factually similar to the present case, the officer "had a factual basis upon which he could predicate a reasonable suspicion that the defendant had committed a crime." The court went on to say that while the information present there justified the initial stop, it "fell short of establishing probable cause" for an arrest.

Here, the next-door neighbors of the victims saw defendant and co-defendant load a car with a television from the victims'

house. The arresting officer was informed of the location of the purported theft and a description, as well as the direction, of the car in which the defendant was travelling. The defendant's car was stopped, and before he was placed under arrest, but after he was advised of his constitutional rights, the defendant was asked if he had been at the street address where the theft occurred. The defendant responded that he was unfamiliar with the area and did not know where the street in question was located. He was then placed under arrest. Other officers arrived at the scene and verified that a theft had taken place; the citizen informants also provided identification. During an inventory search of the car, the television was recovered.

It is not necessary that facts establishing probable cause for arrest rise to a level of certainty. *People v. Bustam,* 641 P.2d 968 (Colo.1982); *Gonzalez v. People,* 156 Colo. 252, 398 P.2d 236 (1965).

Here, in light of the specificity of the information establishing the theft plus the fact that defendant claimed ignorance of the street address where he had moments before been seen, probable cause for the arrest was established. "Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a person of *reasonable caution* to believe an offense has been or is being committed." *People v. Rueda,* 649 P.2d 1106 (1982) (emphasis added). To hold otherwise would beggar and demean the common understanding of "reasonable caution" or "ordinary prudence and caution", *People v. Root,* 650 P.2d 562 (1982), which a police officer should exercise.

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.