The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Kerry L. PATE, Defendant-Appellee.

No. 84SA492.

Supreme Court of Colorado, En Banc.

Sept. 3, 1985.

---

Stuart A. VanMeveren, Dist. Atty., Randall R. Meyers, Deputy Dist. Atty., Fort Collins, for plaintiff-appellant.

Frey, Lach, Collins & Michaels, P.C., John P. Frey, Fort Collins, for defendant-appellee.

ROVIRA, Justice.

In this interlocutory appeal, the People, pursuant to C.A.R. 4.1, challenge a ruling of the Larimer County District Court granting the defendant's motion to suppress. Finding that the police lacked probable cause to arrest the defendant, the trial court suppressed the cocaine seized from her purse as well any statements made by her as the fruits of her illegal arrest. We reverse.

### I.

The evidence elicited at the suppression hearing which forms the factual basis for this appeal is not in dispute. At approximately 3:15 a.m. on July 14, 1984, Detective Ray Bontz, of the Loveland Police Department, was conducting a routine building check in the Orchards Shopping Center when he heard loud noises, including the honking of horns and voices coming from the parking lot. As Officer Bontz approached the scene, the driver of a motorcycle, who identified himself as Kenneth Howell, motioned the officer to his side.[1] The defendant, Kerry L. Pate, was in her car and was accompanied by another woman. Howell indicated that he had been with the occupants of the car earlier in the evening and had followed them up to Loveland because the two vehicles had been involved in a minor traffic accident in Longmont. Howell sought to lodge a complaint against the defendant. However, Officer Bontz indicated that he would forward the information to the Longmont Police Department since he had no jurisdiction over the incident. He further advised Howell to file a complaint with Longmont authorities.

Howell then left the scene but returned shortly thereafter stating that he wished to speak with the officer in private. He told the officer that the defendant had cocaine in her checkbook in her purse. When asked how he knew this, Howell explained that he had been with the women earlier in the evening, that they had been "snorting" cocaine, and that he had seen

---

1. Officer Bontz verified the identification by examining Howell's Colorado driver's license.

the defendant place the cocaine inside of her checkbook. Howell was then asked if he had ever used cocaine, and he replied that he had. Howell also stated that he had seen the checkbook either in her purse or on the console when he had gotten out of her car.[2]

After receiving this information, the officer approached the car and instructed both occupants to step out. When they did so with their purses, he requested that they leave them in the vehicle.[3] Finding the defendant's purse on the front seat, the officer opened it and located the checkbook at the top. Inside of the checkbook, under the plastic and in the corner, he found a bindle of what was later identified as cocaine.

At that time, both women were arrested and transported to the Loveland Police Department. Detective Randy Taylor, who conducted the field tests on the substance identified as cocaine, later interviewed each woman separately. After advising the defendant of her *Miranda* rights, he obtained a statement from her.

Based on these facts, the trial court concluded that the police lacked "probable cause to either effect an arrest for possession or to inquire further." Accordingly, it suppressed the seizure of the cocaine and any statement made by the defendant as the fruit of her illegal arrest.

## II.

■ Before concluding that there was no probable cause, the trial court correctly noted that the information Officer Bontz received from Howell, a citizen informer, was presumed to be reliable and trustworthy. This court has consistently held that information provided by citizen informants is not subject to the same credibility standards as information provided by confidential police informants. *People v. Rueda,* 649 P.2d 1106 (Colo.1982); *People v. Henry,* 631 P.2d 1122 (Colo.1981); *People v. Glaubman,* 175 Colo. 41, 485 P.2d 711 (1971). As we held in *Henry:*

> When the source of the information is a citizen informer who witnessed a crime and is identified, the citizen's information is presumed to be reliable and the prosecution is not required to establish either the credibility of the citizen or the reliability of his information.

631 P.2d at 1127.

The trial court ruled, however, that the information given by Howell, not its trustworthiness, was not sufficient to sustain a finding of probable cause. *See, e.g., People v. Severson,* 39 Colo.App. 95, 561 P.2d 373 (1977) (uncorroborated speculation and conjecture by an inexperienced citizen is not transformed into probability by a report to authorities). We disagree.

■ Probability, not certainty, is the touchstone of probable cause. *People v. Ball,* 639 P.2d 1078 (Colo.1982). "These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act." *Draper v. United States,* 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959), quoting *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949); *see also People v. Conwell,* 649 P.2d 1099 (Colo. 1982). Moreover, probable cause does not mean mathematical probability. Rather,

2. In a Memorandum Brief in Support of Defendant's Motion to Suppress Evidence filed by the defendant at the beginning of the suppression hearing, a statement of the facts provides in pertinent part:

> The Defendant and a female companion met Mr. Howell for the first time earlier that evening at a bar in Longmont, Colorado. After meeting, the parties traveled with Mr. Howell in the Defendant's vehicle to Boulder and later returned to Longmont. The Defendant and her companion dropped Mr. Howell off at his motorcycle in Longmont and departed for Loveland. Although uninvited, Mr. Howell began following the women and at an unknown location in Longmont his motorcycle and the Defendant's vehicle were involved in a minor traffic accident.

3. Officer Bontz testified that he requested both women to leave their purses in the car for two reasons: "for my protection, and ... because there was suspected contraband in one of the purses."

probable cause must be equated with reasonable grounds. *People v. Hearty,* 644 P.2d 302 (Colo.1982). Due consideration should also be given to the law enforcement officer's knowledge, experience, and training in determining the significance of his observations. *People v. Rueda,* 649 P.2d 1106 (Colo.1982); *People v. Ball,* 639 P.2d 1078 (Colo.1982).

■ .That probable cause existed is evident from what Officer Bontz saw and heard immediately prior to the arrest. Unlike the citizen informant in *People v. Severson,* 39 Colo.App. 95, 561 P.2d 373 (1977), who merely suspected that he witnessed a narcotics transaction taking place across a lighted street, Howell provided detailed information which far surpassed speculation or conjecture. Specifically, he told the officer that earlier in the evening he had been "partying" with the two women and that they had been "snorting" cocaine. He then indicated that the defendant kept cocaine in her checkbook in her purse. Howell was then asked how he knew that it was in there. He stated that during the evening the defendant had misplaced her checkbook and had become frantic because she said that there was cocaine in it. Howell said that after she found her checkbook she looked under the plastic flap inside, where the balance book or the checks are held in place, and expressed relief that the cocaine was still there. She then put the checkbook into her purse. When asked how he knew the substance was cocaine, Howell indicated that he had previously used cocaine.[4] When asked where the checkbook was located, Howell said that he had seen the defendant place it in her purse and that, when he had gotten out of her car, the checkbook was either in her purse or on the console. Further, the defendant and Howell had some contact earlier in the evening, as was evident from Howell's desire to file a complaint against her because of the traffic altercation in Longmont.

■ Thus, when the defendant emerged from her car with purse in hand, Officer Bontz had probable cause to arrest the defendant. The search of the defendant's purse incident to the arrest was therefore not unreasonable. *People v. Rueda,* 649 P.2d 1106 (Colo.1982) (search incident to lawful arrest justified where probable cause to arrest existed at the time of the search).

Accordingly, the trial court's ruling is reversed, and the case is remanded for further proceedings.

DUBOFSKY, Justice, dissenting:

I respectfully dissent. Because the statements made by Kenneth Howell to Detective Bontz were uncorroborated and were not those of a disinterested citizen informant, I would affirm the district court's ruling that the detective lacked probable cause to arrest the defendant.

The majority describes Howell as a citizen informant, whose information is presumed to be reliable and trustworthy. A citizen informant, however, is one "who, with no motive but public service, and without expectation of payment, identifies himself and volunteers information to the police...." *People v. Saars,* 196 Colo. 294, 299, 584 P.2d 622, 626 (1978); *People v. Glaubman,* 175 Colo. 41, 50, 485 P.2d 711, 716 (1971); *see United States v. Gagnon,* 635 F.2d 766 (10th Cir.1980), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981). In the present case, the informant reported that he had been involved in a traffic accident with the defendant and wanted to lodge a complaint;[1] only after he was told that the detective could not investigate the accident that occurred in Longmont did he report the defendant's possession of cocaine. These circumstanc-

---

**4.** Admissions of crime carry their own indicia of credibility. *See United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *People v. Stoppel,* 637 P.2d 384 (Colo.1981).

**1.** The detective testified that Howell told him that the female driver of the Datsun (the defendant) had run into him in Longmont and he chased her from Longmont to Loveland.

es remove Howell from the category of a disinterested citizen, acting only out of public spirit, and place him into the category of one whose information is motivated by self interest and a desire to cause the defendant trouble with the police. In such a case, the informant cannot be classified as a citizen informant and his reliability cannot be presumed. *See State v. Sweatt,* 427 A.2d 940 (Me.1981), *cert. denied,* 459 U.S. 831, 103 S.Ct. 71, 74 L.Ed.2d 70 (1982); 1 W. LaFave, *Search & Seizure* § 3.4(a) (1978 & 1985 Supp.). The detective lacked any evidence to corroborate Howell's story, and therefore lacked probable cause to arrest the defendant.

The majority mischaracterizes the holding of the trial court in stating that the court held that the information given by Howell was insufficient to sustain a finding of probable cause. The trial court was concerned with Howell's trustworthiness because of his spiteful motives, although he otherwise fulfilled the requirements for a reliable citizen informant. The trial court stated:

> After the statements made by Mr. Howell, it seems apparent to me from the testimony that Mr. Howell seemed quite anxious to at least ensure some difficulty with the female occupants of the motor vehicle.

> Even though known or identified citizens are presumably reliable and trustworthy, it seems in this circumstance that the officer did not at that stage have probable cause to either effect an arrest for possession or to inquire further.

This finding evinces considerable concern with Howell's reliability, due to his motives for reporting the defendant's possession of cocaine to the police. I would affirm the trial court's ruling that the police lacked probable cause to arrest the defendant and suppress the evidence and the defendant's statements as fruits of the illegal arrest.

I am authorized to say that Justice LOHR and Justice NEIGHBORS join in this dissent.