No. 26487

**The People of the State of Colorado v. Steven James Goessl**
(526 P.2d 664)

Decided September 23, 1974.

Stuart A. Van Meveren, District Attorney, Loren B. Schall, Assistant, Harry L. McCabe, Deputy, for plaintiff-appellant.

Davies and Saint-Veltri, Joseph Saint-Veltri, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

On interlocutory appeal, the People urge reversal of the trial court's order granting defendant Goessl's motion to suppress evidence seized in the course of a warrantless search. We affirm.

Defendant was stopped for speeding after Police Officer Leonard determined he was traveling at 40 miles per hour in

a 30 mile per hour zone. At this time, the officer had no reason to suspect that defendant had committed any other offense. When the defendant stopped his auto, he walked "abruptly" back to the police car, and he appeared to be nervous according to the officer's testimony. On the officer's request, the defendant readily presented his operator's license. He reentered his vehicle and began to search in the glove compartment for the vehicle registration when the officer requested it. In the course of this search, defendant removed from the glove compartment a leather pouch and placed it behind him. The officer also observed in the glove compartment a brown wooden pipe which the defendant surrendered to the officer on request. The defendant twice refused to surrender the leather pouch to the officer who thereupon seized and searched it. It contained a single white pill, which later proved to be an amphetamine. Following this discovery, the officer radioed for assistance, and was shortly joined by a detective. The defendant was arrested, and thereafter a thorough search of the vehicle was conducted. It revealed a single marijuana cigarette, and a brown paper bag containing LSD tablets.

After a suppression hearing, the trial court concluded no probable cause existed prior to the warrantless search, and therefore, the items of seized evidence must be suppressed.

▮▮▮ The People contend that probable cause justifying the initial seizure of the pouch can be found in the following factors: (1) defendant's abrupt manner of walking to the patrol car and his nervous state in the presence of the police officer, (2) the observation by the officer of a pipe and leather pouch, which he believed to be of the type used to carry narcotic drugs, and (3) the attempt by the defendant to hide the pouch from the officer's view. We agree with the trial court's determination that these facts do not amount to a situation which justifies probable cause to believe that another crime has been or is being committed. At most, the situation here could only be the basis for vague suspicion, which does not rise to the dignity of probable cause. *Gallegos v. People,* 157 Colo. 173, 401 P.2d 613 (1965).

■ As found by the trial court, defendant Goessl had been stopped for speeding, and there was no reason for the officer to believe that he was involved in any other criminal activity. A violation of a traffic ordinance does not establish probable cause for a warrantless search for evidence of an unrelated criminal offense. *People v. Vialpando*, 183 Colo. 19, 514 P.2d 622 (1973), and *Cowdin v. People*, 176 Colo. 466, 491 P.2d 569 (1971).

■ The People suggest that the defendant's nervous state in the presence of the officer indicates probable cause. Such a suggestion must be rejected. It is normal for law-abiding persons, as well as persons guilty of criminal activity, to be nervous when stopped by a policeman for a traffic offense.

■ The People further contend that the wooden pipe and leather pouch which were seen by the officer are sufficient to establish probable cause for the search. But neither the pipe, nor the pouch, are contraband. The fact that both items could be used in an unlawful manner does not negate the fact that the normal use of either item is lawful. It is well established that probable cause must stand on firmer ground than mere suspicion. In *People v. Ware*, 174 Colo. 419, 484 P.2d 103 (1971), this court ruled that a package of hashish wrapped in tin foil must be suppressed. The following rationale which we expressed in *Ware* is fully applicable here. ". . . The People rely on the Officers' knowledge that dangerous drugs are often packaged in tinfoil. However, even if dangerous drugs are often packaged in tinfoil, so many other legitimate items — such as foods or tobacco — are packaged in tinfoil that a tinfoil package is not a suspicious circumstance . . . ."

■ Finally, the People argue that the furtive gestures of defendant in attempting to conceal the leather pouch from the view of the officer creates probable cause. Yet a mere furtive gesture is subject to such varied interpretations, that it would be folly to allow great weight to be afforded such actions without more specific knowledge on the part of the officer. *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *People v. Superior Court of Yolo*

*County,* 3 Cal. 3d 807, 478 P.2d 449 (1970). Here, the officer testified that before stopping the defendant for speeding, he had never seen him before and had no information about him.

Ruling affirmed.