

**NUMBER 13-19-00291-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KATEY LAVERN MCBRAYER,                                         Appellant,

v.

THE STATE OF TEXAS,                                         Appellee.

### On appeal from the County Court at Law
### of Navarro County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Justice Longoria**

Katey Lavern McBrayer appeals from her conviction for possession of less than

one gram of a controlled substance in penalty group one, a third-degree felony. *See* TEX.

HEALTH & SAFETY CODE ANN. §§ 481.102, 481.115. McBrayer was sentenced to four years

of community supervision. In one issue, she argues that the trial court erred in denying her motion to suppress. We affirm.

## I.  BACKGROUND[1]

The trial court held a hearing on McBrayer's motion to suppress. The arresting officer, Bobby Williams of the Corsicana Police Department, testified that on May 23, 2017, he was on patrol when he stopped appellant's vehicle for expiration of her registration. Appellant's husband, Shawn McBrayer, was the driver of the vehicle. Officer Williams explained that Detective Garrett Harrell and Lieutenant Paul Jock of the Corsicana Police Department joined him at the scene, which is "kind of a standard thing we do at night. If they are in the area, they stop and just kind of keep an extra officer in the area."

After Officer Williams ran the license and insurance information provided, which was clear and showed that Shawn had no warrants, Officer Williams returned to appellant's vehicle and the officers asked Shawn to step out of the vehicle. According to Officer Williams, Shawn was "exhibiting nervousness" by "shaking, sweating, just very nervous for a routine traffic stop." When Shawn exited the vehicle, Officer Williams did a pat-down to check for weapons and noticed an object in Shawn's front pocket. Shawn told Officer Williams that the object was a pen, and Officer Williams then asked for consent to check Shawn's pockets, to which Shawn agreed. At that point, Officer Williams discovered a "glass pipe with methamphetamine residue." Based on his prior knowledge and experience, he was able to ascertain that the residue was from methamphetamine

---

[1] This appeal was transferred from the Tenth Court of Appeals in Waco pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

2

use. Shawn was then placed in handcuffs and informed that a probable cause search of the vehicle would be conducted.

Detective Harrell testified that he was the backup officer on the traffic stop being conducted by Officer Williams. Detective Harrell explained that someone can be arrested for not having a valid registration on a vehicle and it is legitimate to ask a driver to step out of the vehicle in that situation. He reiterated that the glass pipe located on Shawn contained discernible residue from methamphetamine use, and that created probable cause to search the vehicle for possible narcotics or drug paraphernalia. Prior to the search of the vehicle, appellant was removed from the passenger side of the vehicle. Detective Harrell stated that appellant gave an "excuse" that she and her husband had picked up possessions from cleaning out a property and she "seemed concerned that there might be something" from that property. In his experience, Detective Harrell stated this type of statement leads him to believe he will find contraband.

Detective Harrell reviewed the video of the encounter off of the record. After his review of the video, he testified that Officer Williams asked appellant for consent to search the vehicle and that appellant said "that she does not mind." Detective Harrell then explained to appellant that because of the contraband found on Shawn, the officers did not need consent to search the vehicle, which she indicated she understood. The vehicle was then searched. The vehicle search resulted in methamphetamine being found on the driver's side floorboard as well as in appellant's handbag.

The trial court took the motion under advisement and subsequently denied the motion to suppress. Following the motion to suppress, the matter was tried to a jury. Appellant was convicted of possession of a controlled substance, penalty group one,

3

under one gram, *see id.* TEX. HEALTH & SAFETY CODE ANN. § 481.102 and sentenced to four years of community supervision. This appeal followed.

## II.    MOTION TO SUPPRESS

### A.    Standard of Review and Applicable Law

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). "Although we give almost total deference to the trial court's determination of historical facts, we conduct a de novo review of the trial court's application of the law to those facts." *Love v. State*, 543 S.W.3d 835, 840 (Tex. Crim. App. 2016) (internal quotation marks omitted). The record is reviewed in the light most favorable to the trial court's determination, and the judgment will be reversed only if it is arbitrary, unreasonable, or "outside the zone of reasonable disagreement." *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). The trial court's ruling must be affirmed if "it is correct under any theory of law applicable to the case, even if the trial court did not rely on that theory." *Leming v. State*, 493 S.W.3d 552, 562 (Tex. Crim. App. 2016).

An investigative stop by law enforcement is a sufficient intrusion on an individual's privacy to implicate the Fourth Amendment's protections. *See Terry v. Ohio*, 392 U.S. 1, 19 (1968). To initiate an investigative detention, a police officer must have reasonable suspicion, supported by articulable facts, that criminal activity may be afoot. *See id.*; *see also Derichsweiler v. State*, 348 S.W.3d 906, 916 (Tex. Crim. App. 2011) (observing that because a "brief investigatory detention constitutes a significantly lesser intrusion upon the privacy and integrity of the person" compared to an arrest, the reasonable suspicion standard is much lower than the probable cause standard); *Ford v. State*, 158 S.W.3d

4

488, 492 (Tex. Crim. App. 2005) (noting that a police officer may temporarily detain an individual when the officer has reasonable suspicion to believe that an individual "actually is, has been, or soon will be engaged in criminal activity").

At a suppression hearing, although a defendant initially bears the burden of producing evidence that rebuts the presumption of proper police conduct, the burden shifts to the State once a defendant establishes that a search or seizure occurred without a warrant. *See Ford*, 158 S.W.3d at 492. The State must then elicit testimony demonstrating sufficient facts to prove that reasonable suspicion existed. *See Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010) (observing that reasonable suspicion "requires only some minimal level of objective justification").

The court, employing an objective standard, must "take into account the totality of the circumstances in order to determine whether a reasonable suspicion existed for the stop." *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011*); see also Miller v. State*, 418 S.W.3d 692, 696 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) ("We determine, using an objective standard, whether the facts available to the officer at the moment of detention warrant a person of reasonable caution to believe that the action taken was appropriate."); *Copeland v. State*, No.13-18-00506-CR, 2019 WL 3820425, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2019, pet. ref'd) (mem. op., not designated for publication).

Relevant factors considered in the "totality of the circumstances" analysis include: the time of day, the location of the stop, the officer's training and expertise, and the officer's observations. *See State v. Garcia-Cantu*, 253 S.W.3d 236, 239 (Tex. Crim. App. 2008) (determining that the officer had reasonable suspicion to detain a vehicle parked in

"a 'high-crime' area for drugs and prostitution" on a dead-end street at 4 a.m. with only two homes in close proximity); *Ford*, 158 S.W.3d at 493 (holding that law enforcement training and experience are factors in the reasonable suspicion analysis); *see also United States v. Arvizu*, 534 U.S. 266, 274 (2002) (noting that although "the concept of reasonable suspicion is somewhat abstract," the court has "deliberately avoided reducing it to [a] neat set of legal rules") (internal quotations omitted).

## B.    Initial Pat-Down

Appellant argues that although the vehicle was stopped for an expired registration, a traffic violation, there was no lawful basis to support the officers' removal of Shawn from the vehicle which led to the subsequent pat-down of Shawn and the search of the vehicle. Specifically, she argues that there was nothing in the record that demonstrates "there was any reason whatsoever to believe that [Shawn] was armed or dangerous." The State responds that appellant does not have standing to challenge the search of her husband.[2]

At the trial court level, appellant did not raise the argument that the pat-down search of Shawn was illegal, but specifically argued that the officers wrongfully used the drug paraphernalia found on Shawn as an excuse to justify a warrantless search of the vehicle. To preserve an issue for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a). The appellate complaint must comport with the specific complaint that appellant timely lodged in the trial court. *See Wilson v. State*, 71 S.W.3d

---

[2] The State makes a blanket statement that purports to argue that appellant does not have standing to contest the pat-down of her husband. While the issue is not before this Court, we note that passengers have been found to have standing to allege certain violations of the Fourth Amendment. *See Kothe v. State*, 152 S.W.3d 54, 61–62 (Tex. Crim. App. 2004) (holding that driver had standing to complain that the subsequent search of a passenger was unconstitutional where driver's complaint was that the search occurred after his illegally prolonged detention)

6

346, 349 (Tex. Crim. App. 2002). Even constitutional errors may be waived by failure to timely complain in the trial court. *See Braxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). A complaint in which a party states one legal theory may not be used to support a different legal theory on appeal. *See id*.

It violates "ordinary notions of procedural default" for an appellate court to reverse a trial court's decision on a legal theory not timely presented to the trial court by the complaining party. *See Hailey v. State*, 87 S.W.3d 118, 112 (Tex. Crim. App. 2002). The complaining party much have clearly conveyed to the trial court the particular complaint raised on appeal, including the precise and proper application of law as well as the underlying rationale. *See Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). A trial court's decision will not be revised on a theory upon which the non-appealing party did not have an opportunity to develop a complete factual record *See id*.

We note, however, that while much of appellant's brief is dedicated to this issue, appellant notes in a footnote that the suggestion that the pat-down was illegal was "mentioned not per se to contest the pat-down, but rather to point out the illegality of the conduct insofar as it reflects the officer's misunderstanding of the law." Accordingly, to the extent that appellant is attempting to argue that the pat-down was illegal, appellant did not preserve error as to that complaint. *See* TEX. R. APP. P. 33.1(a).

**C.    Vehicle Search**

Appellant further contends that the discovery of the glass pipe on Shawn's person did not give the officers probable cause to search the vehicle. Relying on precedent out

of the Colorado Supreme Court, appellant argues that evidence found in the car should be suppressed. *See People v. Goessl*, 526 P.2d 664, 665 (Colo. 1974).

We first note that we are not bound by the precedent of other states; however, the *Goessl* case is also distinguishable from the case before this Court. In *Goessl*, the police officers identified a wooden pipe and a leather pouch, which the Colorado court held were not contraband. *Id*. Unlike the officers in *Goessl*, the officers in the case before this Court located drug paraphernalia with drug residue.

The automobile exception to the warrant requirement permits police officers to conduct a warrantless search of a vehicle if it is "readily mobile and there is probable cause to believe that it contains contraband." *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). Probable cause exists when there is a "fair probability" of finding inculpatory evidence at the location being searched. *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008). If the automobile exception applies, police officers may search "every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 2173 (1982); *Neal*, 256 S.W.3d at 282. Police officers with probable cause to search a car "may inspect passengers' belongings found in the car that are capable of concealing the object of the search." *Wyoming v. Houghton*, 526 U.S. 295, 307 (1999); *see also Rogers v. State*, No. 02-15-00160-CR, 2016 WL 299752, at *3 (Tex. App.—Fort Worth Jan. 14, 2016, pet. ref'd) (mem. op., not designated for publication).

Here, once the officers located the drug paraphernalia on Shawn, they developed probable cause to search the vehicle. *See Rogers,* 2016 WL 299752, at *4 (noting that during frisk of driver as part of traffic stop, police officer discovered in driver's pocket "a

glass pipe of the type used to smoke methamphetamine" and "a bag of methamphetamine" and concluding that probable cause existed to perform warrantless search of car "[u]nder the totality of the circumstances" because it was reasonable for police officer to believe that "vehicle also contained contraband.").

We overrule appellant's sole issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of March, 2020.

9